# EXHIBIT A

1  Blake P. Loebs (SBN: 145790)
   bloebs@meyersnave.com
2  David Mehretu (SBN: 269398)
   dmehretu@meyersnave.com
3  MEYERS, NAVE, RIBACK, SILVER & WILSON
   555 12th Street, Suite 1500
4  Oakland, California 94607
   Telephone: (510) 808-2000
5  Facsimile: (510) 444-1108
6
7  Attorneys for Defendants CITY OF OAKLAND;
   ALLAHNO HUGHES; JONATHAN CAIRO;
8  JOSHUA BARNARD; SEAN WHENT

9
                    **UNITED STATES DISTRICT COURT**
10
         **NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION**
11

| | |
|---|---|
| 12  T.D.P., a minor through her mother and Next Friend, Andrea Dupree, individually and as successor in interest for Richard Hester Perkins, Jr. Deceased, | Case No. 3:16-CV-04132-LB [Related to Case No. 3:16-CV-04324-LB] |
| 13 | |
| 14                     Plaintiff, | **DEFENDANTS' RESPONSE TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE** |
| 15  v. | |
| 16  CITY OF OAKLAND, a public entity, CITY OF OAKLAND POLICE CHIEF SEAN WHENT in his individual and official capacities, SERGEANT JOSEPH TURNER, OFFICERS JONATHAN CAIRO, JOSHUA BARNARD, ALLAHNO HUGHES, and DOES 1-10, Jointly and Severally, | |
| 17 | |
| 18 | |
| 19 | |
| 20 | |
| 21                     Defendants. | Trial Date:      None Set |
| 22 | |

23  PROPOUNDING PARTY:     PLAINTIFF TALIA DUPREE-PERKINS Individually and as
                           Successor in Interest for Decedent RICHARD PERKINS
24
25  RESPONDING PARTY:      DEFENDANT CITY OF OAKLAND, CITY OF OAKLAND
                           POLICE CHIEF SEAN WHENT, OFFICERS JONATHAN
26                         CAIRO, JOSHUA BARNARD, ALLAHNO HUGHES

27  SET NO.:               ONE (1)

28
                                                                    3:16-CV-04132-LB

DEFENDANTS' RESPONSE TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE

1   Defendants City of Oakland, City of Oakland Police Chief Sean Whent, Officers Jonathan

2   Cairo, Joshua Barnard, and Allahno Hughes ("Responding Parties"), pursuant to the provisions of

3   Federal Rules of Civil Procedure, Rule 34, hereby respond to the Request for Production of

4   Documents ("Requests for Production of Documents" or individually "Request for Production of

5   Documents") propounded by Plaintiff Talia Dupree-Perkins ("Propounding Party") as follows:

6   ## PRELIMINARY STATEMENT

7   These responses are made solely for the purpose of and in relation to this action. Each

8   response is given subject to all appropriate objections (including, but not limited to, objections

9   concerning competency, relevancy, materiality, propriety, admissibility, and attorney-client

10   privilege and attorney work product), which would require the exclusion of any statement

11   contained herein if the requests were asked of, or any statement contained herein were made by a

12   witness present and testifying in court. All such objections and grounds are, therefore, reserved

13   and may be interposed at the time of trial.

14   The party on whose behalf these answers are given has not yet completed its investigation

15   of the facts relating to this action and has not yet completed its preparation for trial.

16   Consequently, the following answers are given without prejudice to the Responding Party's right

17   to produce, at the time of trial, subsequently-discovered evidence relating to the proof of facts

18   subsequently discovered to be material.

19   The parties on whose behalf these answers are prepared represent that they have used their

20   best efforts to gather information responsive to any particular request. However, the following

21   answers are given without prejudice to the Responding Parties' right to produce, at the time of

22   trial, information inadvertently excluded from any answer contained herein.

23   Except for the facts explicitly admitted herein, no admission of any nature whatsoever is to

24   be implied or inferred. The fact that a request herein has been answered, should not be taken as an

25   admission or a concession of the existence of any facts set forth or assumed by such request, or

26   that such answer constitutes evidence of any fact set forth or assumed. All answers must be

27   construed as given on the basis of present recollection.

28   The information hereinafter set forth is true and correct to the best knowledge of

DEFENDANTS' RESPONSE TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE

1    Responding Parties as of this date, and is subject to correction for inadvertent errors, mistakes or

2    omissions.  These responses are based on information presently available to Responding Parties.

3         Responding Parties reserve the right to use at trial, deposition, or in support of or in

4    opposition to any motion any and all writings heretofore or hereafter produced by parties in this

5    action or by third persons.  To the extent that Responding Parties identify certain writings or

6    delineates any facts, they do so without prejudice to establish at a later date any additional facts

7    that may be contained within, or discovered as a result of, any subsequently-discovered facts of

8    any additional investigation and discovery.

9         Inadvertent identification or production of privileged writings or information by

10   Responding Parties is not a waiver of any applicable privilege.  Production of writings or

11   information does not waive any objection, including but not limited to relevancy, or to the

12   admission of such writings in evidence.

13        The term "writing" is used herein as defined in Federal Rules of Evidence, Rule 1001.

14   Writings prepared or sent in connection with the within litigation, including but not limited to

15   pleadings, motions, discovery responses, and correspondence between counsel, are not included in

16   the writings produced by Responding Party.

17                          **GENERAL OBJECTIONS**

18        1.    Responding Parties object generally to the Requests for Production, and to the

19   definitions and instructions that precede them, to the extent that they purport to impose upon

20   Responding Parties obligation beyond those established by the Federal Rules of Civil Procedure.

21        2.    Responding Parties object to the date of compliance purportedly required under the

22   Requests for Production.  Responding Parties will produce discoverable and responsive documents

23   within a reasonable timeframe on a "rolling basis" – *i.e.*, documents will be produced as they

24   become available following a good faith search for, and review of, such documents.

25        3.    Responding Parties object to the manner of compliance purportedly required under

26   the Requests for Production.  Responding Parties will produce either electronic or physical copies

27   of discoverable and responsive documents to the Law Offices of Haddad & Sherwin, LLP, 505

28   Seventeenth Street, Oakland, CA 94612.

DEFENDANTS' RESPONSE TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE

1   4.  Responding Parties object generally to the Requests for Production to the extent

2 that they are vague, uncertain and, therefore, potentially overbroad, being without limitation as to

3 time or sufficiently specific in subject matter, and therefore not stated with reasonable particularly

4 as required under Rule 34 of the Federal Rules of Civil Procedure ("Rule 34").  Where necessary,

5 Responding Parties will limit their responses to a timeframe that is relevant to this case, and/or

6 will reasonably construe a Request in a good faith attempt to provide the requested information

7 despite the objectionable form of the Request.

8   5.  Responding Parties object generally to Requests for Production to the extent that

9 they seek information that is not in Responding Parties' possession, custody, or control, and/or

10 which are a matter of public record and/or are equally available and accessible to Propounding

11 Party.

12   6.  Responding Parties object generally to the Requests for Production of Documents

13 to the extent that they are unreasonably overbroad in scope, and thus burdensome and oppressive,

14 in that each such request encompasses information pertaining to items and matters that are not

15 relevant to any claim or defense in the action, or, if relevant, so remote therefrom as to make

16 disclosure of little or no practical benefit to Propounding Party, while placing a wholly

17 unwarranted burden and expense on Responding Parties in locating, reviewing and producing the

18 requested information.  In particular, Responding Parties object to the use of the terms

19 "concerning," "pertaining to," and "relating to" on the grounds that such terms can be read to

20 include documents that have no relevance to this litigation.

21   7.  Responding Parties object generally to the Requests for Production to the extent

22 that they are not proportional to the needs of the case, in that ascertaining the information

23 necessary to respond to them would require the review and compilation of information from

24 multiple locations, and voluminous records and files, thereby involving substantial time of

25 employees of Responding Parties and great expense to Responding Parties, whereas the

26 information sought to be obtained by Propounding Party would be of disproportionately little use

27 or benefit to Propounding Party.

28   8.  Responding Parties object generally to the Requests for Production to the extent

1  that they seek to elicit information that is not relevant to any claim or defense in the action, and

2  not proportional to the needs of the case.

3    9.    Responding Parties object generally to the Requests for Production to the extent

4  that they seek information at least some of which is protected by the attorney-client privilege.

5    10.    Responding Parties object generally to the Requests for Production to the extent

6  that they seek information which is protected by the attorney work-product doctrine, including as

7  stated in Rule 26 of the Federal Rules of Civil Procedure ("Rule 26").  Responding Parties

8  interpret the requests to exclude from their scope all documents and information protected by the

9  attorney-work product doctrine and/or any other applicable privilege.

10    11.    Responding Parties object generally to the Requests for Production to the extent

11  that they purport to call for the production of documents related to punitive damages.  Responding

12  Parties will not produce any such documents prior to a decision by the Court as to whether

13  discovery on punitive damages should be bifurcated.

14    12.    Responding Parties object generally to the Requests for Production to the extent

15  that they purport to call for the production of documents protected by the federal official

16  information privilege ("Requested Official Information").  Please see the Declaration of Captain

17  Kirk Coleman Regarding Plaintiffs' Request for Production of Documents Protected By The

18  Official Information Privilege, served concurrently herewith, detailing the grounds for this

19  objection ("Capt. Coleman Decl.").  No Requested Official Information will be produced without

20  a court order protective order in place.  To the extent that Responding Parties produce such

21  information, they reserve all rights to designate it as confidential (or to use any other designation

22  provided for) pursuant to any protective ordered issued by the Court.

23    13.    Responding Parties expressly incorporate each of the foregoing General Objections

24  into each specific objection and response to the Requests for Production set forth below as if set

25  forth in full therein.  No response below is intended to be a waiver of any applicable specific or

26  general objection.

27

28

DEFENDANTS' RESPONSE TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE

Without waiver of the foregoing, Responding Parties further respond and object as follows:

## DEFINITIONS[1]

"**DOCUMENTS**" or "**DOCUMENTATION**" (whether written in upper or lower case) means handwriting, typewriting, printing. Photostatting, photocopying, recording, and every other means of recording upon any tangible thing, any form or communication or representation, including letters, words, pictures, sounds or symbols, or combinations thereof, as defined by California Evidence Code Section 250, and includes, but is not limited to audio and video recordings, letters, drafts, notebooks, diaries, calendars, notes, correspondence of any kind, records, reports of any kind, quality control reports, investigation reports, inspection reports, insurance policies, insurance claims forms, forms of any kind, statements, invoices, bills, bills of lading, bills of sale, permits, licenses, memoranda, minutes of meetings of any kind, telephone messages, directives, court orders, court documents of any kind, maintenance records, maintenance reports, inspection forms, inspection reports, inspection data, research data, studies, analyses, reports of analyses, experiments, cost surveys, tests, test data, checklists, data sheets, specifications, sales brochures, owners' manuals, operations' manuals, maintenance manuals, instruction manuals, procedures' manuals, manuals of any kind, itemizations, agendas, compliance orders, notices to abate, contracts, agreements, bids, computer printouts, e-mails, text messages, social media posts, electronic communication of any kind, computer files, notebooks, diaries, tallies, receipts, photographs, videos, transcripts, statements, minutes, and information/data summaries, and any and all electronic data, including but not limited to emails, logs, notes, reports, drafts, and Computer Assisted Dispatch (CAD) information.

"**DECEDENT**" refers to Richard Perkins.

"**INCIDENT**" refers to the incident(s) described in the First Amended Complaint.

"**PLAINTIFFS**" refers to Richard Perkins and Talia Dupree-Perkins.

"**INVOLVED OFFICERS**" refers to all law enforcement officers involved in, or present

---

[1] Plaintiff included these Definitions in the Requests; they are reproduced here for ease of reference.

DEFENDANTS' RESPONSE TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE

1   during, the seizure, use of force, and/or restraint of DECEDENT during the INCIDENT, including

2   but not limited to Defendant SERGEANT JOSEPH TURNER, Officers JONATHAN CAIRO,

3   JOSHUA BARNARD, ALLAHNO HUGHES, and DOES 1-10.

4   <center>**SPECIFIC RESPONSES AND OBJECTIONS**</center>

5   **REQUEST NO. 1:**

6       Any and all DOCUMENTS regarding the INCIDENT described in the Complaint and any

7   investigation and/or follow-up to the INCIDENT, including but not limited to:

8   **RESPONSE TO REQUEST NO. 1:**

9       Responding Parties object to the definition of the term "INCIDENT" on the ground that it

10  is vague and overbroad, being without limitation as to time or sufficiently specific in subject

11  matter and therefore not stated with reasonable particularity as required under Rule 34.

12  Specifically, this Request refers to the INCIDENT as a singular event. The First Amended

13  Complaint, however, could be read to describe multiple incidents, including the event in which

14  Decedent forced the officers to shoot ("Officer Involved Shooting" or "OIS") as well as the

15  sideshow activities that preceded the OIS, which lasted for two days and involved many officers

16  and individuals with little or no information regarding the OIS. Because the OIS is the only

17  relevant "incident" in this case and the definition used in this Request is vague, Responding

18  Parties will reasonably construe "INCIDENT" as used in this Request to mean the Officer

19  Involved Shooting, as well as the initial police investigation (but not any internal investigation)

20  related to and immediately preceding the Officer Involved Shooting.

21      Responding Parties object to this Request to the extent that it seeks to elicit information

22  that is not relevant to the subject matter of this case. Responding Parties object to this Request on

23  the ground that the discovery sought is not proportional to: (1) the importance of the issues at

24  stake in the action; (2) the amount in controversy; (3) the parties' relative access to relevant

25  information; (4) the parties' resources; or (5) the importance of the discovery in resolving the

26  issues in this case ("Not Proportional") and therefore is not discoverable pursuant to Rule 26 of

27  the Federal Rules of Civil Procedure.

28      Responding Parties object to this Request to the extent that it seeks information protected

1  by the work product doctrine and the attorney-client privilege.

2  Responding Parties object to this Request to the extent that it seeks information protected

3  by the federal official information privilege.  (*See* Capt. Coleman Decl.)

4  Responding Parties object to this Request on the ground that it calls for the production of

5  documents protected by the federal law enforcement investigatory privilege.

6  Responding Parties object to this Request to the extent it calls for the production of

7  documents protected by the deliberative process privilege.

8  Responding Parties further object to this Request on the ground that it is incomplete,

9  compound, and broken into multiple sub-parts, making it virtually impossible to follow.

10  Responding Parties will respond separately to each of the separate sub-parts of this Request, to the

11  best of their ability.

12  **Request No. 1(a):**

13  [P]olice reports, incident reports, narrative/supplemental reports, accident reports,

14  investigation reports, administrative reports, stop data reports, field contact cards, and all other

15  reports;

16  **Response to Request No. 1(a):**

17  Responding Parties object to this Request as being vague and ambiguous.  In particular,

18  Responding Parties object to this Request to the extent that use of the undefined term "reports"

19  renders it vague and potentially overbroad, being without limitation as to time or sufficiently

20  specific in subject matter and therefore not stated with reasonable particularity as required under

21  Rule 34.  Responding Parties will reasonably construe "reports" as used in this Request to mean

22  official reports made in the regular course of business concerning the OIS by employees of the

23  Oakland Police Department ("Reports").

24  Responding Parties object to this Request to the extent that it seeks to elicit information

25  that is not relevant to the subject matter of this case.

26  Responding Parties object to this Request on the ground that the discovery sought is Not

27  Proportional and therefore not discoverable pursuant to Rule 26 of the Federal Rules of Civil

28  Procedure.

1    Responding Parties object to this Request to the extent that it seeks information protected

2  by the work product doctrine and the attorney-client privilege.

3    Responding Parties object to this Request to the extent that it seeks information protected

4  by the federal official information privilege.  (*See* Capt. Coleman Decl.)

5    Responding Parties object to this Request on the ground that it calls for the production of

6  documents protected by the federal law enforcement investigatory privilege.

7    Responding Parties object to this Request to the extent it calls for the production of

8  documents protected by the deliberative process privilege.

9    Subject to and without waiving their general objections and the foregoing specific

10  objections, Responding Parties state that they will produce, subject to an executed protective

11  order, all non-privileged Reports, as well as a log identifying those documents, or information

12  contained therein, that Responding Parties have withheld from production on the basis of

13  applicable privileges, including but not limited to the official information, deliberative process,

14  and/or investigatory privileges, and/or the restrictions of California Code of Civil Procedure

15  Section 129.

16  **Request No. 1(b):**

17    [A]ll DOCUMENTS concerning statements of and/or interviews with witnesses,

18  informants, law enforcement officers, and any party to this case, whether written, transcribed,

19  recorded, or in any' other format (If statements or interviews exist in more than one format, i.e.

20  transcribed and recorded, please produce them in each format);

21  **Response to Request No. 1(b)**

22    Responding Parties object to this Request to the extent that the phrases "statements of

23  and/or interviews with" and "witnesses, informants, law enforcement officers" are vague and

24  potentially overbroad, being without limitation as to time or sufficiently specific in subject matter

25  and therefore not stated with reasonable particularity as required under Rule 34.

26    Responding Parties object to this Request on the ground that the discovery sought is Not

27  Proportional and therefore not discoverable pursuant to Rule 26 of the Federal Rules of Civil

28  Procedure.

DEFENDANTS' RESPONSE TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE

1    Responding Parties object to this Request to the extent that it seeks to elicit information

2    that is not relevant to the subject matter of this case.

3    Responding Parties object to this Request to the extent that it seeks information protected

4    by the work product doctrine and the attorney-client privilege.

5    Responding Parties object to this Request to the extent that it seeks information protected

6    by the federal official information privilege.  (*See* Capt. Coleman Decl.)

7    Responding Parties object to this Request on the ground that it calls for the production of

8    documents protected by the federal law enforcement investigatory privilege.

9    Responding Parties object to this Request to the extent it calls for the production of

10    documents protected by the deliberative process privilege.

11    Subject to and without waiving their general objections and the foregoing specific

12    objections, Responding Parties state that they will produce, subject to an executed protective

13    order, all non-privileged statements of, or interviews with, witnesses, informants, or law

14    enforcement officers concerning the OIS, as well as a log identifying those documents, or

15    information contained therein, that Responding Parties have withheld from production on the basis

16    of applicable privileges, including but not limited to the official information, deliberative process,

17    and/or investigatory privileges, and/or the restrictions of California Code of Civil Procedure

18    Section 129.

19    **Request No. 1(c):**

20    [A]ll DOCUMENTS concerning witnesses, including lists of witnesses and notes of

21    witness interviews and/or contacts, preliminary and otherwise;

22    **Response to Request No. 1(c):**

23    Responding Parties object to this Request to the extent that use of the undefined term

24    "witnesses" renders it vague and potentially overbroad, being without limitation as to time or

25    sufficiently specific in subject matter and therefore not stated with reasonable particularity as

26    required under Rule 34.  Responding Parties will reasonably construe the term "witnesses" for

27    purposes of this response as referring to witnesses to the OIS ("Witnesses").

28    Responding Parties object to this Request to the extent that "notes of witness interviews

DEFENDANTS' RESPONSE TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE

1  and/or contacts" renders it vague.  Responding Parties will reasonably construe "notes of witness

2  interviews and/or contacts" for purposes of this response as referring to notes memorializing

3  interviews with Witnesses ("Witness Interview Notes").

4          Responding Parties object to this Request on the ground that the discovery sought is Not

5  Proportional and therefore not discoverable pursuant to Rule 26 of the Federal Rules of Civil

6  Procedure.

7          Responding Parties object to this Request to the extent that it seeks to elicit information

8  that is not relevant to the subject matter of this case.

9          Responding Parties object to this Request to the extent that it seeks information protected

10  by the work product doctrine and the attorney-client privilege.

11          Responding Parties object to this Request to the extent that it seeks information protected

12  by the federal official information privilege.  (*See* Capt. Coleman Decl.)

13          Responding Parties object to this Request on the ground that it calls for the production of

14  documents protected by the federal law enforcement investigatory privilege.

15          Responding Parties object to this Request to the extent it calls for the production of

16  documents protected by the deliberative process privilege.

17          Responding Parties object to this Request to the extent that it seeks information protected

18  by the applicable privacy rights of witnesses, law enforcement officers, or any other person.

19          Subject to and without waiving their general objections and the foregoing specific

20  objections, Responding Parties state that they will produce, subject to an executed protective

21  order, all non-privileged lists of Witnesses and Witness Interview Notes, as well as a log

22  identifying those documents, or information contained therein, that Responding Parties have

23  withheld from production on the basis of applicable privileges, including but not limited to the

24  official information, deliberative process, and/or investigatory privileges, and/or the restrictions of

25  California Code of Civil Procedure Section 129.

26  **Request No. 1(d):**

27          [A]ll dispatch, 911, computer-aided dispatch (CAD) and any other radio and telephone

28  recordings and transmissions (if this information exists in more than one format, i.e. transcribed

1  and recorded, please produce it **in each format**), and all documentation relating to such

2  recordings/transmissions, including CAD notes/reports (Please produce dispatch/radio recordings

3  in **real time**, i.e., without the omission of dead airtime, **and in a consolidated format** with dead

4  airtime removed)

5      **Response to Request No. 1(d):**

6      Responding Parties object to this Request to the extent that the phrase "all dispatch, 911,

7  computer-aided dispatch) and any other radio and telephone recordings and transmission" renders

8  it vague and potentially overbroad, being without limitation as to time or sufficiently specific in

9  subject matter and therefore not stated with reasonable particularity as required under Rule 34.

10  Responding Parties will reasonably construe this phrase for purposes of this response as referring

11  to all dispatch recordings concerning the OIS ("Dispatch Recordings").  Responding Parties also

12  object to the extent that this Request purports to require that Responding Parties create various

13  versions of the Dispatch Recordings for Plaintiff.  In addition, Responding Parties specifically

14  object to the phrase "dead airtime" as being vague and ambiguous and unintelligible.

15      Responding Parties also object to this Request to the extent is seeks dispatch recordings

16  related to events other than the OIS that may have been captured in a Dispatch Recording.  Such

17  non-OIS related dispatch recordings will be redacted, if discovered and appropriate.

18      Responding Parties object to this Request on the ground that the discovery sought is Not

19  Proportional and therefore not discoverable pursuant to Rule 26 of the Federal Rules of Civil

20  Procedure.

21      Responding Parties object to this Request to the extent that it seeks to elicit information

22  that is not relevant to the subject matter of this case.

23      Responding Parties object to this Request to the extent that it seeks information protected

24  by the work product doctrine and the attorney-client privilege.

25      Responding Parties object to this Request to the extent that it seeks information protected

26  by the federal official information privilege.  (*See* Capt. Coleman Decl.)

27      Responding Parties object to this Request on the ground that it calls for the production of

28  documents protected by the federal law enforcement investigatory privilege.

1  Responding Parties object to this Request to the extent it calls for the production of

2  documents protected by the deliberative process privilege.

3  Responding Parties object to this Request to the extent that it seeks information protected

4  by the applicable privacy rights of witnesses, law enforcement officers, or any other person.

5  Subject to and without waiving their general objections and the foregoing specific

6  objections, Responding Parties state that they will produce, subject to an executed protective

7  order, all non-privileged, appropriately-redacted Dispatch Recordings, as well as a log identifying

8  those documents, or information contained therein, that Responding Parties have withheld from

9  production on the basis of applicable privileges, including but not limited to the official

10  information, deliberative process, and/or investigatory privileges, and/or the restrictions of

11  California Code of Civil Procedure Section 129.

12  **Request No. 1(e):**

13  [A]ll physical evidence;

14  **Response to Request No. 1(e):**

15  Responding Parties object to this Request to the extent that use of the undefined term

16  "physical evidence" renders it vague and potentially overbroad, being without limitation as to time

17  or sufficiently specific in subject matter and therefore not stated with reasonable particularity as

18  required under Rule 34.  Responding Parties will reasonably construe "physical evidence" as used

19  in this Request to mean the physical evidence collected by the Oakland Police Department

20  concerning the OIS ("Physical Evidence").

21  Responding Parties object to this Request to the extent that it seeks to elicit information

22  that is not relevant to the subject matter of this case.

23  Responding Parties object to this Request to the extent that it seeks information protected

24  by the federal official information privilege.  (*See* Capt. Coleman Decl.)

25  Responding Parties object to "producing" any physical evidence that was collected related

26  to the OIS, in that providing any physical evidence to Plaintiffs would break the chain of custody

27  and may result in the loss, destruction or alteration of the physical evidence.

28  Responding Parties object to this Request on the ground that the discovery sought is Not

1   Proportional and therefore not discoverable pursuant to Rule 26 of the Federal Rules of Civil

2   Procedure.

3          Subject to and without waiving their general objections and the foregoing specific

4   objections, Responding Parties state that they will allow Propounding Party to inspect Physical

5   Evidence (if any) at a mutually agreeable time and location in an controlled and documented

6   environment, such as the Oakland Police Department property room, with officer supervision.

7          **Request No. 1(f):**

8          [A]ll DOCUMENTS regarding evidence, including evidence lists, evidence tags and

9   property logs;

10         **Response to Request No. 1(f):**

11         Responding Parties object to this Request to the extent that use of the phrase "evidence,

12  including evidence lists, evidence tags and property logs" renders it vague and potentially

13  overbroad, being without limitation as to time or sufficiently specific in subject matter and

14  therefore not stated with reasonable particularity as required under Rule 34.  Responding Parties

15  will reasonably construe this phrase as used in this Request to mean documents created in the

16  normal course of business concerning physical evidence collected by the Oakland Police

17  Department concerning the OIS ("Evidence-Related Documents"), but not the physical evidence

18  itself, which is addressed in the previous Request.

19         Responding Parties object to this Request on the ground that the discovery sought is Not

20  Proportional and therefore not discoverable pursuant to Rule 26 of the Federal Rules of Civil

21  Procedure.

22         Responding Parties object to this Request to the extent that it seeks to elicit information

23  that is not relevant to the subject matter of this case.

24         Responding Parties object to this Request to the extent that it seeks information protected

25  by the federal official information privilege.  (*See* Capt. Coleman Decl.)

26         Subject to and without waiving their general objections and the foregoing specific

27  objections, Responding Parties will produce, subject to an executed protective order, all non-

28  privileged Evidence-Related Documents, as well as a log identifying those documents, or

DEFENDANTS' RESPONSE TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE

1  information contained therein, that Responding Parties have withheld from production on the basis

2  of applicable privileges, including but not limited to the official information, deliberative process,

3  and/or investigatory privileges, and/or the restrictions of California Code of Civil Procedure

4  Section 129.

5      **Request No. 1(g)**

6      [A]ll lab records, including but not limited to evidence sheets, evidence tags, lab requests,

7  testing, studies, raw data, analysis, reports, conclusions, and chain of custody logs;

8      **Response to Request No. 1(g):**

9      Responding Parties object to this Request to the extent that use of the terms "lab records"

10 renders it vague and potentially overbroad, being without limitation as to time or sufficiently

11 specific in subject matter and therefore not stated with reasonable particularity as required under

12 Rule 34.  Responding Parties will reasonably construe the term "lab records" as used in this

13 Request to mean documents created in the normal course of business concerning lab reports,

14 records or analysis by the Oakland Police Department concerning the OIS ("Lab Records").

15     Responding Parties object to this Request on the ground that the discovery sought is Not

16 Proportional and therefore not discoverable pursuant to Rule 26 of the Federal Rules of Civil

17 Procedure.

18     Responding Parties object to this Request to the extent that it seeks to elicit information

19 that is not relevant to the subject matter of this case.

20     Responding Parties object to this Request to the extent that it seeks information protected

21 by the work product doctrine and the attorney-client privilege.

22     Responding Parties object to this Request to the extent that it seeks information protected

23 by the federal official information privilege.  (*See* Capt. Coleman Decl.)

24     Responding Parties object to this Request on the ground that it calls for the production of

25 documents protected by the federal law enforcement investigatory privilege.

26     Responding Parties object to this Request to the extent it calls for the production of

27 documents protected by the deliberative process privilege.

28     Responding Parties object to this Request to the extent it calls for the production of a copy

1    of any photographs of Decedent's body, which Responding Parties may not produce absent a court

2    order under California Code of Civil Procedure Section 129.

3         Subject to and without waiving their general objections and the foregoing specific

4    objections, Responding Parties state they will produce, subject to an executed protective order, all

5    non-privileged Lab Reports, as well as a log identifying those documents, or information

6    contained therein, that Responding Parties have withheld from production on the basis of

7    applicable privileges, including but not limited to the official information, deliberative process,

8    and/or investigatory privileges, and/or the restrictions of California Code of Civil Procedure

9    Section 129.

10   **Request No. 1(h):**

11   [A]ll medical and/or injury records concerning DECEDENT;

12   **Response to Request No. 1(h):**

13        Responding Parties object to this Request to the extent that "medical and/or injury records"

14   is vague and potentially overbroad, being without limitation as to time or sufficiently specific in

15   subject matter and therefore not stated with reasonable particularity as required under Rule 34.

16   Responding Parties will reasonably construe "medical and/or injury records" as used in this

17   Request to mean all official medical records made in the regular course of business concerning the

18   Decedent while he was alive, including any records related to any attempts to revive Decedent, but

19   excluding post-mortem records ("Medical Records").

20        Responding Parties object to this Request on the ground that the discovery sought is Not

21   Proportional and therefore not discoverable pursuant to Rule 26 of the Federal Rules of Civil

22   Procedure.

23        Responding Parties object to this Request to the extent that it seeks to elicit information

24   that is not relevant to the subject matter of this case.

25        Responding Parties object to this Request to the extent it calls for the production of a copy

26   of any photographs of Decedent's body, which Responding Parties may not produce absent a court

27   order under California Code of Civil Procedure Section 129.

28        Responding Parties object to this Request to the extent that it seeks information protected

1   by the federal official information privilege.  (*See* Capt. Coleman Decl.)

2        Subject to and without waiving their general objections and the foregoing specific

3   objections, Responding Parties state that they will produce, subject to an executed protective

4   order, all non-privileged Medical Records, as well as a log identifying those documents, or

5   information contained therein, that Responding Parties have withheld from production on the basis

6   of applicable privileges, including but not limited to the official information, deliberative process,

7   and/or investigatory privileges, and/or the restrictions of California Code of Civil Procedure

8   Section 129.

9   **Request No. 1(i):**

10        [A]ll photographs, video recordings, audio recordings, drawings, sketches, and all other

11   recordings and/or depictions;

12   **Response to Request No. 1(i):**

13        Responding Parties object to this Request to the extent that use of the undefined term

14   "recordings and/or depictions" renders it vague and potentially overbroad, being without

15   limitation as to time or sufficiently specific in subject matter and therefore not stated with

16   reasonable particularity as required under Rule 34.  Responding Parties will reasonably construe

17   "recordings and/or depictions" as used in this Request to mean video recordings photographs

18   and/or depictions made in the regular course of business concerning the OIS ("Depictions").

19        Responding Parties object to this Request on the ground that the discovery sought is Not

20   Proportional and therefore not discoverable pursuant to Rule 26 of the Federal Rules of Civil

21   Procedure.

22        Responding Parties object to this Request to the extent it calls for the production of a copy

23   of any photographs of Decedent's body, which Responding Parties may not produce absent a court

24   order under California Code of Civil Procedure Section 129.

25        Responding Parties object to this Request to the extent that it seeks to elicit information

26   that is not relevant to the subject matter of this case.

27        Responding Parties object to this Request to the extent that it seeks information protected

28   by the work product doctrine and the attorney-client privilege.

1   Responding Parties object to this Request to the extent that it seeks information protected

2   by the federal official information privilege.  (*See* Capt. Coleman Decl.)

3   Responding Parties object to this Request on the ground that it calls for the production of

4   documents protected by the federal law enforcement investigatory privilege.

5   Subject to and without waiving their general objections and the foregoing specific

6   objections, Responding Parties state that they will produce, subject to an executed protective

7   order, all non-privileged Depictions, as well as a log identifying those documents, or information

8   contained therein, that Responding Parties have withheld from production on the basis of

9   applicable privileges, including but not limited to the official information, deliberative process,

10   and/or investigatory privileges, and/or the restrictions of California Code of Civil Procedure

11   Section 129.

12   **Request No. 1:(j)**

13   [A]ll logs, daily activity sheets, dispatch information, notes, memoranda, emails, computer

14   records, correspondence, and all other DOCUMENTS compiled and/or kept in any format;

15   **Response to Request No. 1(j):**

16   Responding Parties object to this Request to the extent that it uses undefined and

17   seemingly unrelated terms to describe the documents it seeks produced, without limitation as to

18   time or sufficiently specific in subject matter, and therefore potentially seeks information not

19   relevant to any claim or defense of this case, and is vague, potentially overbroad, and not stated

20   with reasonable particularity as required under Rule 34.

21   Responding Parties object to this Request to the extent that it calls for, or can be construed

22   to include, emails, text messages, social media, and/or other electronically stored information

23   (collectively, "ESI").  The burden and expense of producing ESI in this case is Not Proportional

24   and therefore ESI not discoverable pursuant to Rule 26 of the Federal Rules of Civil Procedure.

25   No ESI, as defined herein, will be produced.

26   Responding Parties object to this Request on the ground that the discovery sought is Not

27   Proportional and therefore not discoverable pursuant to Rule 26 of the Federal Rules of Civil

28   Procedure.

DEFENDANTS' RESPONSE TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE

1    Responding Parties object to this Request to the extent that it seeks to elicit information

2  that is not relevant to the subject matter of this case.

3    Responding Parties object to this Request to the extent that it seeks information protected

4  by the work product doctrine and the attorney-client privilege.

5    Responding Parties object to this Request to the extent that it seeks information protected

6  by the federal official information privilege.  (*See* Capt. Coleman Decl.)

7    Responding Parties object to this Request on the ground that it calls for the production of

8  documents protected by the federal law enforcement investigatory privilege.

9    Responding Parties state that they will not produce documents in response to this Request

10  at this time, but remain willing to meet and confer in good faith regarding whether the Request can

11  be revised to seek discoverable information consistent with the Federal Rules of Civil Procedure.

12    **Request No. 1(k):**

13    [A]ll electronically stored data and information, including but not limited to emails, social

14  media messages and/or posts and/or comments, text messages, cellular phone call/missed call

15  entries and times, in-car computer data, MDT data, digital photographs and/or recordings, and

16  voice mail messages, and all such information whether created, stored, or maintained on

17  Defendants' official electronic devices or on Defendants' personal electronic devices, including but

18  not limited to cell phones;

19    **Response to Request No. 1(k):**

20    Responding Parties object to this Request to the extent that it uses undefined and

21  seemingly unrelated terms to describe the documents it seeks produced, without limitation as to

22  time or sufficiently specific in subject matter, and therefore potentially seeks information not

23  relevant to any claim or defense of this case, and is vague, potentially overbroad, and not stated

24  with reasonable particularity as required under Rule 34.

25    Responding Parties object to this Request to the extent that it calls for, or can be construed

26  to include, emails, text messages, social media, and/or other electronically stored information

27  (collectively, "ESI").  The burden and expense of producing ESI in this case is Not Proportional,

28  and therefore ESI not discoverable pursuant to Rule 26 of the Federal Rules of Civil Procedure.

DEFENDANTS' RESPONSE TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE

1    No ESI, as defined herein, will be produced.

2         Responding Parties object to this Request to the extent that it seeks to elicit information

3    that is not relevant to the subject matter of this case.

4         Responding Parties object to this Request to the extent that it seeks information protected

5    by the work product doctrine and the attorney-client privilege.

6         Responding Parties object to this Request to the extent that it seeks information protected

7    by the federal official information privilege.  (*See* Capt. Coleman Decl.)

8         Responding Parties object to this Request on the ground that it calls for the production of

9    documents protected by the federal law enforcement investigatory privilege.

10        Responding Parties state that they will not produce documents in response to this Request,

11   but remain willing to meet and confer in good faith regarding whether the Request can be revised

12   to seek discoverable information consistent with the Federal Rules of Civil Procedure.

13   **Request No. 1(l):**

14        [C]omplete DOCUMENTATION of any and all investigation and/or review of this

15   INCIDENT by or for the Oakland Police Department, by or for "Internal Affairs" or similar entity,

16   by the Oakland Police Department or anyone on its behalf, by or for the City of Oakland, by any

17   use-of-force or shooting review board or similar entity, by or for any prosecutor, and by or for any

18   law enforcement agency (by "complete documentation," this Request seeks ALL documentation of

19   any such investigation(s) and/or review(s), from start to finish, including but not limited to all

20   complaints, all records of investigation and/or fact finding, all records of review and/or analysis,

21   all records of any meetings or communications related thereto, all records of any

22   recommendations, all records of any disposition and/or conclusion, all records of any discipline or

23   changes in policy or training, all records of any review board or administrative review body, and

24   all other records);

25   **Response to Request No. 1(l):**

26        Responding Parties object to the definition of the term "INCIDENT" on the ground that it

27   is vague and overbroad, being without limitation as to time or sufficiently specific in subject

28   matter and therefore not stated with reasonable particularity as required under Rule 34

1   Responding Parties will reasonably construe "INCIDENT" as used in this Request to mean the

2   OIS.

3       Responding Parties object to this Request to the extent that the phrase "investigation and/or

4   review" is vague and potentially overbroad, being without limitation as to time or sufficiently

5   specific in subject matter and therefore not stated with reasonable particularity as required under

6   Rule 34.  Responding Parties will reasonably construe "investigation and/or review" as used in

7   this Request to mean any investigations into the OIS ("Investigations").

8       Responding Parties object to this Request on the ground that the discovery sought is Not

9   Proportional and therefore not discoverable pursuant to Rule 26 of the Federal Rules of Civil

10  Procedure.

11      Responding Parties object to this Request to the extent that it seeks to elicit information

12  that is not relevant to the subject matter of this case.

13      Responding Parties object to this Request to the extent it calls for the production of a copy

14  of any photographs of Decedent's body, which Responding Parties may not produce absent a court

15  order under California Code of Civil Procedure Section 129.

16      Responding Parties object to this Request to the extent that it seeks information protected

17  by the work product doctrine and the attorney-client privilege.

18      Responding Parties object to this Request to the extent that it seeks information protected

19  by the federal official information privilege.  (*See* Capt. Coleman Decl.)

20      Responding Parties object to this Request on the ground that it calls for the production of

21  documents protected by the federal law enforcement investigatory privilege.

22      Subject to and without waiving their general objections and the foregoing specific

23  objections, Responding Parties state that they will produce, subject to an executed protective

24  order, all non-privileged Investigations related to the OIS, as well as a log identifying those

25  documents, or information contained therein, that Responding Parties have withheld from

26  production on the basis of applicable privileges, including but not limited to the official

27  information, deliberative process, and/or investigatory privileges, and/or the restrictions of

28  California Code of Civil Procedure Section 129.

DEFENDANTS' RESPONSE TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE

**Request No. 1(m):**

[A]ll DOCUMENTS provided to any law enforcement agency, and any prosecuting attorney and/or prosecutor's office, including, but not limited to, the Alameda County District Attorney, California Department of Justice, United States Department of Justice, and the Federal Bureau of Investigations (FBI);

**Response to Request No. 1(m):**

Responding Parties object to this Request on the ground that it is vague and overbroad, being without limitation as to time or sufficiently specific in subject matter and therefore not stated with reasonable particularity as required under Rule 34.

Responding Parties object to this Request on the ground that the discovery sought is Not Proportional and therefore not discoverable pursuant to Rule 26 of the Federal Rules of Civil Procedure.

Responding Parties object to this Request to the extent that it seeks to elicit information that is not relevant to the subject matter of this case.

Responding Parties object to this Request to the extent it calls for the production of a copy of any photographs of Decedent's body, which Responding Parties may not produce absent a court order under California Code of Civil Procedure Section 129.

Responding Parties object to this Request to the extent that it seeks information protected by the work product doctrine and the attorney-client privilege.

Responding Parties object to this Request to the extent that it seeks information protected by the federal official information privilege. (*See* Capt. Coleman Decl.)

Responding Parties object to this Request on the ground that it calls for the production of documents protected by the federal law enforcement investigatory privilege.

Most, if not all, of the documents sought by this Request will be produced as appropriate pursuant to other portions of this document request (some of which under the protective order) or identified in privilege log. Responding Parties object to producing these same documents multiple times merely because they might have been shared with other public entities on the basis of burden, relevance and Not-Pnortional.. If there are any additional documents responsive to this

DEFENDANTS' RESPONSE TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE

1  Request that have not been otherwise produced or listed in a privilege log, Defendants will either:

2  (1) produce the documents (under the protective order where appropriate); or (2) provide a log

3  identifying those documents, or information contained therein, that Responding Parties have

4  withheld from production on the basis of applicable privileges, including but not limited to the

5  official information, deliberative process, and/or investigatory privileges, and/or the restrictions of

6  California Code of Civil Procedure Section 129.

7  **Request No. 1(n):**

8  [A]ll DOCUMENTS concerning any alleged violation of law by DECEDENT at any time

9  (including tickets, citations, investigations, incident or police reports, statements and drawings)

10  that currently are physically in Defendants' possession. Please note: This is NOT a request for any

11  ~ wants or warrants checks, NOR for any NEW law enforcement database inquiries, and Plaintiff

12  asserts all rights, including privacy rights, precluding such new inquiries and object to any such

13  new inquiries.

14  **Response to Request No. 1(n):**

15  Responding Parties object to this Request to the extent that it seeks information protected

16  by the work product doctrine and the attorney-client privilege.

17  Responding Parties object to this Request to the extent that it seeks information protected

18  by the federal official information privilege.  (*See* Capt. Coleman Decl.)

19  Responding Parties object to this Request on the ground that it calls for the production of

20  documents protected by the federal law enforcement investigatory privilege.

21  Responding Parties object to this Request to the extent that it seeks information protected

22  by the applicable privacy rights of witnesses, law enforcement officers, or any other person.

23  Subject to and without waiving their general objections and the foregoing specific

24  objections, Responding Parties state that they will produce, subject to an executed protective

25  order, a copy of any incident report related to any alleged violation of law (excluding civil

26  citations, such as parking tickets) by Decedent that have been located to date after a diligent search

27  as well as any information gathered regarding Decedent's alleged violations of the law that was

28  part of any investigation related to the OIS.  Responding Parties shall not produce, at this time,

each and every document that may relate to those violations of the law because locating and producing all of those documents is burdensome, not relevant, and Not Proportional.  Upon review of the incident reports for those alleged violations of the law, if Plaintiffs would like additional documents related to those incidents, the Responding Parties welcome meeting and conferring with Plaintiff concerning the appropriate scope of any additional production.

**Request No. 1(o):**

[A]ll DOCUMENTS concerning citations and criminal charges recommended, filed and/or brought against any person in connection with the INCIDENT;

**Response to Request No. 1(o):**

Responding Parties object to the definition of the term "INCIDENT" on the ground that it is vague and overbroad, being without limitation as to time or sufficiently specific in subject matter and therefore not stated with reasonable particularity as required under Rule 34. Responding Parties will reasonably construe "INCIDENT" as used in this Request to mean the OIS.

Responding Parties object to this Request to the extent that it seeks information protected by the work product doctrine and the attorney-client privilege.

Responding Parties object to this Request to the extent that it seeks information protected by the federal official information privilege.  (*See* Capt. Coleman Decl.)

Responding Parties object to this Request on the ground that it calls for the production of documents protected by the federal law enforcement investigatory privilege.

Responding Parties object to this Request to the extent that it seeks information protected by the applicable privacy rights of witnesses, law enforcement officers, or any other person.

Subject to and without waiving their general objections and the foregoing specific objections, Responding Parties state that, after conducting a diligent search, Responding Party is has not located any such documents.

**Request No. 1(p):**

[A]ll DOCUMENTS generated by Defendants or on behalf of the Oakland Police Department concerning the INCIDENT.

DEFENDANTS' RESPONSE TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE

1    **Response to Request No. 1(p):**

2         Responding Parties object to the definition of the term "INCIDENT" on the ground that it

3    is vague and overbroad, being without limitation as to time or sufficiently specific in subject

4    matter and therefore not stated with reasonable particularity as required under Rule 34

5    Responding Parties will reasonably construe "INCIDENT" as used in this Request to mean the

6    OIS.   Responding Parties also object to the term "generated" as being vague, ambiguous and

7    overly broad.

8         Responding Parties object to this Request to the extent that it seeks to elicit information

9    that is not relevant to the subject matter of this case.

10        Responding Parties object to this Request to the extent that it seeks information protected

11   by the work product doctrine and the attorney-client privilege.

12        Responding Parties object to this Request to the extent that it seeks information protected

13   by the federal official information privilege.  (*See* Capt. Coleman Decl.)

14        Responding Parties object to this Request on the ground that it calls for the production of

15   documents protected by the federal law enforcement investigatory privilege.

16        Responding Parties object to this Request to the extent that it seeks information protected

17   by the applicable privacy rights of witnesses, law enforcement officers, or any other person.

18        Responding Parties object to this Request to the extent it seeks documents also sought

19   through other Requests (*see, e.g.*, Request No. 1 ("Any and all DOCUMENTS regarding the

20   INCIDENT described in the Complaint"), and therefore incorporate as if fully set forth herein the

21   specific and general objections Responding Parties have asserted in response to those duplicative

22   Requests.  *E.g.*, Responses to Requests No. 1, 1(a)-(o).  Without further clarification and/or

23   revision, this Request is redundant, and on that basis Responding Parties will not produce or

24   identify separately any documents for production specifically in response to this Request, subject

25   to Plaintiff's meeting and conferring with Defendants as to what is actually sought by this

26   Request.

27   **REQUEST NO. 2:**

28        Any and all DOCUMENTS, including recordings, transcripts, logs, computer-aided

1   dispatch (CAD) notes, and reports concerning any complaint, call, or work to which the

2   INVOLVED OFFICERS were responding at the time of the INCIDENT.

3   **RESPONSE TO REQUEST NO. 2:**

4        Responding Parties object to the definition of the term "INCIDENT" on the ground that it

5   is vague and overbroad, being without limitation as to time or sufficiently specific in subject

6   matter and therefore not stated with reasonable particularity as required under Rule 34

7   Responding Parties will reasonably construe "INCIDENT" as used in this Request to mean the

8   OIS. Responding parties also object to this Request as being vague and ambiguous in its use of

9   the term "responding." The Responding Parties interpret "responding," as used in this Request, to

10  mean a situation in which an officer was responding to a call for service.

11       Responding Parties object to the definition of "INVOLVED OFFICERS" on the ground

12  that it is vague and overbroad. Responding Parties will reasonably construe "INVOLVED

13  OFFICERS" as used in this Request to mean the law enforcement officer Defendants: Sergeant

14  Turner, Officer Cairo, Officer Barnard, and Officer Hughes ("Involved Officers"). Responding

15  Parties remain willing to meet and confer in good faith regarding whether the needs of this case

16  and the Federal Rules of Civil Procedure warrant the collection and production of documents

17  concerning other law enforcement officers.

18       Responding Parties object to the characterization in this Request regarding what the

19  Involved Officers were doing at the time of the Incident. Responding Parties will construe this

20  Request as seeking documents concerning the activities of the Involved Officers at the time of the

21  OIS.

22       Responding Parties object to this Request on the ground that the discovery sought is Not

23  Proportional and therefore not discoverable pursuant to Rule 26 of the Federal Rules of Civil

24  Procedure.

25       Responding Parties object to this Request to the extent that it seeks to elicit information

26  that is not relevant to the subject matter of this case.

27       Responding Parties object to this Request to the extent that it seeks information protected

28  by the work product doctrine and the attorney-client privilege.

1    Responding Parties object to this Request to the extent that it seeks information protected

2  by the federal official information privilege.  (*See* Capt. Coleman Decl.)

3    Responding Parties object to this Request on the ground that it calls for the production of

4  documents protected by the federal law enforcement investigatory privilege.

5    Responding Parties object to this Request to the extent that it seeks information protected

6  by the applicable privacy rights of witnesses, law enforcement officers, or any other person.

7    Subject to and without waiving their general objections and the foregoing specific

8  objections, Responding Parties responds as follows:  None of the Involved Officers were

9  responding to a call for service at the time of the OIS, and therefore no documents exist or will be

10  produced related to this Request, as the Responding Parties understand this Request.

11  **REQUEST NO. 3:**

12    Any and all DOCUMENTS concerning or at all relevant to any formal or informal

13  complaint or investigation made concerning any INVOLVED OFFICER herein and/or the

14  Oakland Police Department, from any source, relating to the INCIDENT, including but not limited

15  to all complaints, records of investigation(s), statements from any witness or person interviewed

16  and/or with knowledge concerning the complaint or investigation, investigation logs, findings,

17  conclusions, statements (in every format, including written, audiotaped and videotaped), photos,

18  all records concerning the disposition of any such complaints, and all records concerning any

19  counseling, training, and/or discipline anyone received as a result of any such complaint or

20  investigation.

21  **RESPONSE TO REQUEST NO. 3:**

22    Responding Parties object to the definition of the term "INCIDENT" on the ground that it

23  is vague and overbroad, being without limitation as to time or sufficiently specific in subject

24  matter and therefore not stated with reasonable particularity as required under Rule 34

25  Responding Parties will reasonably construe "INCIDENT" as used in this Request to mean the

26  OIS.

27    Responding Parties object to the definition of "INVOLVED OFFICERS" on the ground

28  that it is vague and overbroad.  Responding Parties will reasonably construe "INVOLVED

DEFENDANTS' RESPONSE TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE

1  OFFICERS" as used in this Request to mean the law enforcement officer Defendants:  Sergeant

2  Turner, Officer Cairo, Officer Barnard, and Officer Hughes ("Involved Officers").  Responding

3  Parties remain willing to meet and confer in good faith regarding whether the needs of this case

4  and the Federal Rules of Civil Procedure warrant the collection and production of documents

5  concerning other law enforcement officers.

6        Responding Parties object to this Request on the ground that the discovery sought is Not

7  Proportional and therefore not discoverable pursuant to Rule 26 of the Federal Rules of Civil

8  Procedure.

9        Responding Parties object to this Request to the extent that it seeks to elicit information

10  that is not relevant to the subject matter of this case.

11        Responding Parties object to this Request to the extent that it seeks information protected

12  by the work product doctrine and the attorney-client privilege.

13        Responding Parties object to this Request to the extent that it seeks information protected

14  by the federal official information privilege.  (*See* Capt. Coleman Decl.)

15        Responding Parties object to this Request on the ground that it calls for the production of

16  documents protected by the federal law enforcement investigatory privilege.

17        Responding Parties object to this Request to the extent that it seeks information protected

18  by the applicable privacy rights of witnesses, law enforcement officers, or any other person.

19        Responding Parties state that they will not produce documents in response to this Request

20  at this time, but remain willing to meet and confer in good faith regarding whether the Request can

21  be revised to seek discoverable information consistent with the Federal Rules of Civil Procedure.

22  **REQUEST NO. 4:**

23        Any and all DOCUMENTS that comprise or are part of the records of the Oakland Police

24  Department, or part of the personnel file, employment records, and/or complaint/disciplinary

25  history of EACH INVOLVED OFFICER, at any time up to the present, concerning any officer

26  involved shooting or discharge of the INVOLVED OFFICER's firearm in public; and for seven

27  years prior to the INCIDENT to the present, concerning contacts with and/or procedures

28  concerning the following: arrest procedure; detention procedure; detentions; arrests; use of force,

1   including deadly force; "shoot/don't shoot" training; shooting investigation; internal affairs

2   investigation; homicide investigation; bias-based policing; bias; truthfulness; report writing; code

3   of silence; evidence integrity; discourtesy; professionalism and decorum, including but not limited

4   to:

5         (a)    complete complaint and disciplinary DOCUMENTATION;

6         (b)    complete DOCUMENTATION regarding any and all citizen, law enforcement

7   and/or other complaints against each INVOLVED OFFICER, including all records of any

8   complaints/charges of misconduct, investigation, conclusions, final disposition, review, and any

9   resulting discipline, retraining, or other action taken.

10   **RESPONSE TO REQUEST NO. 4:**

11       Responding Parties object to this Request on the ground that it is vague, ambiguous,

12   improperly compound, and unclear to such an extent that Responding Parties are unable to discern

13   with particularity what information it seeks produced, or to adequately formulate a response.   For

14   example, at one point this Request seems to be limited to shootings or discharges, at other times it

15   seems to relate to a variety of police activities that may have no relationship to shootings or

16   discharges.

17       Responding Parties also object to the definition of the term "INCIDENT" on the ground

18   that it is vague and overbroad, being without limitation as to time or sufficiently specific in subject

19   matter and therefore not stated with reasonable particularity as required under Rule 34

20   Responding Parties will reasonably construe "INCIDENT" as used in this Request to mean the

21   OIS.

22       Responding Parties also object to the definition of "INVOLVED OFFICERS" on the

23   ground that it is vague and overbroad.  Responding Parties will reasonably construe "INVOLVED

24   OFFICERS" as used in this Request to mean the law enforcement officer Defendants:  Sergeant

25   Turner, Officer Cairo, Officer Barnard, and Officer Hughes ("Involved Officers").  Responding

26   Parties remain willing to meet and confer in good faith regarding whether the needs of this case

27   and the Federal Rules of Civil Procedure warrant the collection and production of documents

28   concerning other law enforcement officers.

DEFENDANTS' RESPONSE TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE

1    Responding Parties object to this Request on the ground that the discovery sought is Not

2    Proportional and therefore not discoverable pursuant to Rule 26 of the Federal Rules of Civil

3    Procedure.

4    Responding Parties object to this Request to the extent that it seeks to elicit information

5    that is not relevant to the subject matter of this case.

6    Responding Parties object to this Request to the extent that it seeks information protected

7    by the work product doctrine and the attorney-client privilege.

8    Responding Parties object to this Request to the extent that it seeks information protected

9    by the federal official information privilege.  (*See* Capt. Coleman Decl.)

10    Responding Parties object to this Request on the ground that it calls for the production of

11    documents protected by the federal law enforcement investigatory privilege.

12    Responding Parties object to this Request to the extent that it seeks information protected

13    by the applicable privacy rights of witnesses, law enforcement officers, or any other person.

14    Responding Parties state that they will not produce documents in response to this Request,

15    but remain willing to meet and confer in good faith regarding whether the Request can be revised

16    to seek discoverable information consistent with the Federal Rules of Civil Procedur.

17    **REQUEST NO. 5:**

18    Any and all DOCUMENTS containing information or disclosure of matters pertaining to

19    the credibility or possible impeachment of testimony of any INVOLVED OFFICER at any time,

20    including but not limited to all *Brady* disclosures or other information concerning each

21    INVOLVED OFFICER'S convictions and/or any administrative or other findings of dishonesty or

22    false reporting, or false statements, to the Oakland Police Department, any prosecutor, member of

23    the District Attorney's office, member of the Public Defender's office, criminal defense attorney,

24    or any law enforcement agency.

25    **RESPONSE TO REQUEST NO. 5:**

26    Responding Parties object to this Request as being impossibly vague and ambiguous.  For

27    example, the phrase "containing information or disclosure of matters pertaining to the credibility

28    or possible impeachment of testimony" is impossibly vague and ambiguous because what may or

DEFENDANTS' RESPONSE TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE

may not pertain to credibility or impeachment testimony is a matter of subjective opinion, making it impossible for the Responding Parties to guess as to what Plaintiff might think fits within this Request.   Responding Parties also objects to the phrase "or other information concerning each INVOLVED OFFICER'S convictions," as being similarly vague and ambiguous.

Responding Parties object to the definition of "INVOLVED OFFICERS" on the ground that it is vague and overbroad.  Responding Parties will reasonably construe "INVOLVED OFFICERS" as used in this Request to mean the law enforcement officer Defendants:  Sergeant Turner, Officer Cairo, Officer Barnard, and Officer Hughes ("Involved Officers").  Responding Parties remain willing to meet and confer in good faith regarding whether the needs of this case and the Federal Rules of Civil Procedure warrant the collection and production of documents concerning other law enforcement officers.

Responding Parties object to this Request to the extent that it seeks information protected by the work product doctrine and the attorney-client privilege.

Responding Parties object to this Request to the extent that it seeks information protected by the federal official information privilege.  (*See* Capt. Coleman Decl.)

Responding Parties object to this Request on the ground that it calls for the production of documents protected by the federal law enforcement investigatory privilege.

Responding Parties will not produce documents in response to this Request at this time, but remain willing to meet and confer in good faith regarding whether the Request can be revised to seek discoverable information consistent with the Federal Rules of Civil Procedure.

**REQUEST NO. 6:**

Any and all DOCUMENTS concerning the hiring, appointment, and promotion of DEFENDANTS TURNER, CAIRO, BARNARD, and HUGHES, including complete documentation of any investigation into his background and fitness to be a law enforcement officer.

**RESPONSE TO REQUEST NO. 6:**

Responding Parties object to this Request on the ground that the discovery sought is Not Proportional and therefore not discoverable pursuant to Rule 26 of the Federal Rules of Civil

1  Procedure.

2        Responding Parties object to this Request to the extent that it seeks to elicit information

3  that is not relevant to the subject matter of this case, and is harassing, burdensome and oppressive.

4        Responding Parties object to this Request to the extent that it seeks official information

5  and private information protected by the applicable privacy rights of witnesses, law enforcement

6  officers, or any other person.

7        Responding Parties object to this Request to the extent that it seeks information protected

8  by the federal official information privilege.  (*See* Capt. Coleman Decl.)

9        Responding Parties will not produce any documents in response to this Request at this

10  time.

11  **REQUEST NO. 7:**

12        Any and all DOCUMENTS concerning each INVOLVED OFFICER'S training (at all

13  times) related to:

14      (a)    arrest procedure;

15      (b)    arrests;

16      (c)    detention procedure;

17      (d)    detentions;

18      (e)    use of force, including deadly force; .

19      (f)    firearms;

20      (g)    "shoot/don't shoot" or similar training;

21      (h)    perception/reaction or psycho-physical issues in connection with use of

22  firearms or critical incidents;

23      (i)    Use of cameras and other recording devices;

24      (g)    Officer Involved Shooting (OIS) investigation;

25      (k)    internal affairs investigation;

26      (1)    homicide investigation;

27      (m)    summoning and/or provision of medical care;

28      (n)    report procedures/requirements;

| | | |
|---|---|---|
| 1 | (o) | bias-based policing; |
| 2 | (p) | bias; |
| 3 | (q) | truthfulness; |
| 4 | (r) | evidence integrity; |
| 5 | (s) | discourtesy; |
| 6 | (t) | professionalism and decorum; and |
| 7 | (u) | code of silence. |

**RESPONSE TO REQUEST NO. 7:**

Responding Parties object to the definition of "INVOLVED OFFICERS" on the ground that it is vague and overbroad. Responding Parties will reasonably construe "INVOLVED OFFICERS" as used in this Request to mean the law enforcement officer Defendants: Sergeant Turner, Officer Cairo, Officer Barnard, and Officer Hughes ("Involved Officers"). Responding Parties remain willing to meet and confer in good faith regarding whether the needs of this case and the Federal Rules of Civil Procedure warrant the collection and production of documents concerning other law enforcement officers. Responding Parties also object to the phrase "code of silence," as being vague, ambiguous and offensive.

Responding Parties object to this Request to the extent it seeks documents concerning "training," without limitation as to time or sufficiently specific in subject matter, and therefore potentially seeks information not relevant to any claim or defense in this case, and is vague, potentially overbroad, and not stated with reasonable particularity as required under Rule 34.

Responding Parties object to this Request on the ground that the discovery sought is Not Proportional and therefore not discoverable pursuant to Rule 26 of the Federal Rules of Civil Procedure.

Responding Parties object to this Request to the extent that it seeks to elicit information that is not relevant to the subject matter of this case.

Responding Parties object to this Request to the extent that it seeks information protected by the federal official information privilege. (*See* Capt. Coleman Decl.)

Subject to and without waiving their general objections and the foregoing specific

1   objections, Responding Parties state that they will produce, subject to an executed protective

2   order, all non-privileged lists of the trainings completed, if any, by the Involved Officers on the

3   subjects identified in subparts (e)-(n), (q) and (r) to this Request, as well as a log identifying those

4   documents, or information contained therein, that Responding Parties have withheld from

5   production on the basis of applicable privileges, including but not limited to the official

6   information, deliberative process, and/or investigatory privileges, and/or the restrictions of

7   California Code of Civil Procedure Section 129.

8   **REQUEST NO. 8:**

9        Any and all DOCUMENTS concerning each INVOLVED OFFICER'S job performance,

10   evaluations, and supervision from seven years prior to the incident to the present.

11   **RESPONSE TO REQUEST NO. 8:**

12        Responding Parties object to the definition of "INVOLVED OFFICERS" on the ground

13   that it is vague and overbroad.  Responding Parties will reasonably construe "INVOLVED

14   OFFICERS" as used in this Request to mean the law enforcement officer Defendants:  Sergeant

15   Turner, Officer Cairo, Officer Barnard, and Officer Hughes ("Involved Officers").  Responding

16   Parties remain willing to meet and confer in good faith regarding whether the needs of this case

17   and the Federal Rules of Civil Procedure warrant the collection and production of documents

18   concerning other law enforcement officers.

19        Responding Parties object to this Request on the ground that the discovery sought is Not

20   Proportional and therefore not discoverable pursuant to Rule 26 of the Federal Rules of Civil

21   Procedure.

22        Responding Parties object to this Request to the extent that it seeks to elicit information

23   that is not relevant to the subject matter of this case.

24        Responding Parties object to this Request to the extent that it seeks information protected

25   by the federal official information privilege.  (*See* Capt. Coleman Decl.)

26        Responding Parties object to this Request to the extent that it seeks information protected

27   by the applicable privacy rights of witnesses, law enforcement officers, or any other person.

28        Responding Parties will not produce documents in response to this Request, but remain

1  willing to meet and confer in good faith regarding whether the Request can be revised to seek

2  discoverable information consistent with the Federal Rules of Civil Procedure.

3  **REQUEST NO. 9:**

4    Any and all DOCUMENTS concerning awards, commendations, and recognition of each

5  INVOLVED OFFICER'S accomplishments <u>from seven years prior to the incident to the present.</u>

6  **RESPONSE TO REQUEST NO. 9:**

7    Responding Parties object to the definition of "INVOLVED OFFICERS" on the ground

8  that it is vague and overbroad.  Responding Parties will reasonably construe "INVOLVED

9  OFFICERS" as used in this Request to mean the law enforcement officer Defendants:  Sergeant

10  Turner, Officer Cairo, Officer Barnard, and Officer Hughes ("Involved Officers").  Responding

11  Parties remain willing to meet and confer in good faith regarding whether the needs of this case

12  and the Federal Rules of Civil Procedure warrant the collection and production of documents

13  concerning other law enforcement officers.

14    Responding Parties object to this Request on the ground that the discovery sought is Not

15  Proportional and therefore not discoverable pursuant to Rule 26 of the Federal Rules of Civil

16  Procedure.

17    Responding Parties object to this Request to the extent that it seeks information protected

18  by the federal official information privilege.  (*See* Capt. Coleman Decl.)

19    Responding Parties object to this Request to the extent that it seeks to elicit information

20  that is not relevant to the subject matter of this case.

21    Responding Parties object to this Request to the extent that it seeks information protected

22  by the applicable privacy rights of witnesses, law enforcement officers, or any other person.

23    Responding Parties will not produce documents in response to this Request, but remain

24  willing to meet and confer in good faith regarding whether the Request can be revised to seek

25  discoverable information consistent with the Federal Rules of Civil Procedure.

26  **REQUEST NO. 10:**

27    Any and all DOCUMENTS concerning each INVOLVED OFFICER'S mental and

28  physical condition at the time of the INCIDENT.

1   **RESPONSE TO REQUEST NO. 10:**

2   Responding Parties object to the definition of the term "INCIDENT" on the ground that it

3   is vague and overbroad, being without limitation as to time or sufficiently specific in subject

4   matter and therefore not stated with reasonable particularity as required under Rule 34

5   Responding Parties will reasonably construe "INCIDENT" as used in this Request to mean the

6   OIS.

7   Responding Parties object to the definition of "INVOLVED OFFICERS" on the ground

8   that it is vague and overbroad.  Responding Parties will reasonably construe "INVOLVED

9   OFFICERS" as used in this Request to mean the law enforcement officer Defendants:  Sergeant

10   Turner, Officer Cairo, Officer Barnard, and Officer Hughes ("Involved Officers").  Responding

11   Parties remain willing to meet and confer in good faith regarding whether the needs of this case

12   and the Federal Rules of Civil Procedure warrant the collection and production of documents

13   concerning other law enforcement officers.

14   Responding Parties object to this Request on the ground that the discovery sought is Not

15   Proportional and therefore not discoverable pursuant to Rule 26 of the Federal Rules of Civil

16   Procedure.

17   Responding Parties object to this Request to the extent that it seeks information protected

18   by the federal official information privilege.  (*See* Capt. Coleman Decl.)

19   Responding Parties object to this Request to the extent that it seeks information protected

20   by the applicable privacy rights of witnesses, law enforcement officers, or any other person.

21   Responding Parties will not produce documents in response to this Request, but remain

22   willing to meet and confer in good faith regarding whether the Request can be revised to seek

23   discoverable information consistent with the Federal Rules of Civil Procedure.

24   **REQUEST NO. 11:**

25   "Any and all DOCUMENTS (including but not limited to all DOCUMENTS regarding

26   formal policies, informal policies, procedures, customs," training bulletins, guidelines, and other

27   training documents) reflecting the policies, procedures, training and/or customs of the Oakland

28   Police Department from three years prior to the INCIDENT to the present, regarding the following

matters:

    (a)    detention procedure;

    (b)    detentions;

    (c)    arrest procedure;

    (d)    arrests;

    (e)    use of force, including deadly force;

    (f)    firearms;

    (g)    use of cameras and other recording devices;

    **(h)**    investigation;

    (i)    internal affairs investigation;

    (j)    officer involved shootings;

    (k)    shooting review boards;

    (1)    homicide investigation;

    (m)    summoning and/or provision of medical care;

    (n)    report procedures/requirements;

    (o)    bias-based policing;

    (p)    bias;

    (q)    truthfulness;

    (r)    evidence integrity;

    (s)    discourtesy;

    (t)    professionalism and decorum;

    (u)    code of silence;

    (v)    officers' knowledge of Oakland Police Department policies;

    (w)    citizen complaint and/or misconduct investigation procedures;

    (x)    procedures for hiring law enforcement officers, including background investigations;

    (y)    all matters on which Defendants contend that the policies, procedures and/or customs of the Oakland Police Department governed their conduct in the INCIDENT.

1    **RESPONSE TO REQUEST NO. 11**:

2          Responding Parties object to the definition of the term "INCIDENT" on the ground that it

3    is vague and overbroad, being without limitation as to time or sufficiently specific in subject

4    matter and therefore not stated with reasonable particularity as required under Rule 34

5    Responding Parties will reasonably construe "INCIDENT" as used in this Request to mean the

6    OIS. Responding Parties also object to the phrase "code of silence," as being vague, pejorative

7    and offensive.

8          Responding Parties object to this Request to the extent it seeks documents concerning

9    "policies, procedures, training, and/or custom," without limitation as to time or sufficiently

10   specific in subject matter, and therefore potentially seeks information not relevant to any claim or

11   defense in this case, and is vague, potentially overbroad, and not stated with reasonable

12   particularity as required under Rule 34. Responding Parties will reasonably construe "policies,

13   procedures, training, and/or custom etc." to refer to all policies and procedures of the Oakland

14   Police Department ("Policies").

15         Responding Parties object to this Request on the ground that the discovery sought is Not

16   Proportional and therefore not discoverable pursuant to Rule 26 of the Federal Rules of Civil

17   Procedure.

18         Responding Parties object to this Request on the ground that the burden and expense of

19   producing the information sought is Not Proportional to its likely benefit, and therefore is not

20   discoverable pursuant to Rule 26 of the Federal Rules of Civil Procedure.

21         Responding Parties object to this Request to the extent that it seeks to elicit information

22   that is not relevant to the subject matter of this case.

23         Responding Parties object to this Request to the extent that it seeks information protected

24   by the federal official information privilege. (*See* Capt. Coleman Decl.)

25         Subject to and without waiving their general objections and the foregoing specific

26   objections, Responding Parties state that they will produce, subject to an executed protective

27   order, all non-privileged Policies in effect at the time of the OIS on the subjects identified in

28   subparts (e)-(m), (q) and (r)to Request No. 11, as well as a log identifying those documents, or

1    information contained therein, that Responding Parties have withheld from production on the basis

2    of applicable privileges, including but not limited to the official information, deliberative process,

3    and/or investigatory privileges, and/or the restrictions of California Code of Civil Procedure

4    Section 129.

5    **REQUEST NO. 12**:

6        Any and all DOCUMENTS (including but not limited to all DOCUMENTS regarding

7    formal policies, informal policies, procedures, customs, training bulletins, guidelines, and other

8    training documents) reflecting the policies, procedures, training and/or customs of the Oakland

9    Police Department present time if such have changed since the time of the INCIDENT, regarding

10    the each of the matters listed above in request numbers 1 1 (a) through 1 1 (y).

11    **RESPONSE TO REQUEST NO. 12:**

12        Responding Parties object to the definition of the term "INCIDENT" on the ground that it

13    is vague and overbroad, being without limitation as to time or sufficiently specific in subject

14    matter and therefore not stated with reasonable particularity as required under Rule 34

15    Responding Parties will reasonably construe "INCIDENT" as used in this Request to mean the

16    OIS. Responding Parties also incorporate all previous objections to the similar request.

17    Responding Parties also object to the phrase "code of silence," as being vague, ambiguous and

18    offensive.

19        Responding Parties object to this Request to the extent it seeks documents concerning

20    "policies, procedures, training, and/or custom," without limitation as to time or sufficiently

21    specific in subject matter, and therefore potentially seeks information not relevant to any claim or

22    defense in this case, and is vague, potentially overbroad, and not stated with reasonable

23    particularity as required under Rule 34. Responding Parties will reasonably construe "policies,

24    procedures, training, and/or custom etc." to refer to all policies and procedures of the Oakland

25    Police Department ("Policies").

26        Responding Parties object to this Request to the extent that it states a contention

27    interrogatory that does not meet the requirements of a request for the production of documents

28    under Rule 34, and seeks to discover the mental impressions and/or trial strategy of Responding

DEFENDANTS' RESPONSE TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE

1  Parties' experts and/or attorneys.  Responding Parties further object that such contention

2  interrogatories, if proper at all, should be answered after the completion of discovery, rather than

3  during these early stages of the proceedings.  Fed. R. Civ. P. 33(c).

4       Responding Parties object to this Request on the ground that the discovery sought is Not

5  Proportional and therefore not discoverable pursuant to Rule 26 of the Federal Rules of Civil

6  Procedure.

7       Responding Parties object to this Request to the extent that it seeks to elicit information

8  that is not relevant to the subject matter of this case.

9       Responding Parties object to this Request to the extent that it seeks information protected

10 by the federal official information privilege.  (*See* Capt. Coleman Decl.)

11      Subject to and without waiving their general objections and the foregoing specific

12 objections, Responding Parties state that they will produce, subject to an executed protective

13 order, all changes in the requested Policies from those that were in effect at the time of the OIS to

14 the present, on the subjects identified in subparts (e)-(m), (q) and (r) to Request No. 11, as well as

15 a log identifying those documents, or information contained therein, that Responding Parties have

16 withheld from production on the basis of applicable privileges, including but not limited to the

17 official information, deliberative process, and/or investigatory privileges, and/or the restrictions of

18 California Code of Civil Procedure Section 129.

19 <u>**REQUEST NO. 13**</u>:

20      Any and all DOCUMENTS related to any training provided for the Oakland Police

21 Department or involved officers concerning on the use of force or the use of deadly force

22 (including but not limited to videos, syllabi, handouts, and printed material) by or from any of the

23 following individuals or organizations: William Lewinski, his surrogates, assistants, employees,

24 and agents; the Force Science Institute, its surrogates, successors, assistants, employees, and

25 agents; and/or Calibre Press, its surrogates, successors, assistants, employees, and agents.

26 <u>**RESPONSE TO REQUEST NO. 13**</u>:

27      Responding Parties object to the definition of "involved officers" on the ground that it is

28 vague and overbroad.  Responding Parties will reasonably construe "involved officers" as used in

this Request to mean the law enforcement officer Defendants: Sergeant Turner, Officer Cairo, Officer Barnard, and Officer Hughes ("Involved Officers"). Responding Parties remain willing to meet and confer in good faith regarding whether the needs of this case and the Federal Rules of Civil Procedure warrant the collection and production of documents concerning other law enforcement officers.

Responding Parties object to this Request on the ground that it is not limited as to time or sufficiently specific in subject matter, and therefore potentially seeks information not relevant to any claim or defense of this case.

Responding Parties object to this Request to the extent that it seeks to elicit information that is not relevant to the subject matter of this case.

Responding Parties object to this Request on the grounds of the attorney client and work product privileges.

Responding Parties object to this Request to the extent that it seeks information protected by the federal official information privilege. (*See* Capt. Coleman Decl.)

Responding Parties also object to this Request to the extent it seeks any documents or information concerning experts consulted, but not disclosed in this litigation or any other.

Responding Parties object to this Request as being unduly burdensome and oppressive.

Responding Parties object to this Request on the ground that the discovery sought is Not Proportional and therefore not discoverable pursuant to Rule 26 of the Federal Rules of Civil Procedure.

Responding Parties will not produce documents in response to this Request at this time, but remain willing to meet and confer in good faith regarding whether the Request can be revised to seek discoverable information consistent with the Federal Rules of Civil Procedure.

**REQUEST NO. 14:**

Any and all DOCUMENTS including but not limited to bills, invoices, and contracts concerning any and all training and/or consulting by or from any of the following individuals or organizations: William Lewinski, his surrogates, assistants, employees, and agents; the Force Science Institute, its surrogates, successors, assistants, employees, and agents; and/or Calibre

1   Press, its surrogates, successors, assistants, employees, and agents.

2   **RESPONSE TO REQUEST NO. 14**:

3       Responding Parties object to this Request on the ground that it is not limited as to time or

4   sufficiently specific in subject matter, and therefore potentially seeks information not relevant to

5   any claim or defense of this case.

6       Responding Parties object to this Request on the ground that the discovery sought is Not

7   Proportional and therefore not discoverable pursuant to Rule 26 of the Federal Rules of Civil

8   Procedure.

9       Responding Parties object to this Request to the extent that it seeks to elicit information

10  that is not relevant to the subject matter of this case.

11      Responding Parties object to this Request on the grounds of the attorney client and work

12  product privileges.

13      Responding Parties object to this Request to the extent that it seeks information protected

14  by the federal official information privilege.  (*See* Capt. Coleman Decl.)

15      Responding Parties object to this Request as being unduly burdensome and oppressive.

16      Responding Parties also object to this Request to the extent it seeks any documents or

17  information concerning experts consulted, but not disclosed in this litigation or any other.

18      Responding Parties state that they will not produce documents in response to this Request,

19  but remain willing to meet and confer in good faith regarding whether the Request can be revised

20  to seek discoverable information consistent with the Federal Rules of Civil Procedure.

21  **REQUEST NO. 15**:

22      Any and all DOCUMENTS regarding any injury, whether physical or psychological, to

23  any Defendant or other law enforcement officer sustained in or as a result of the INCIDENT,

24  including but not limited to all medical records, all psychotherapeutic records, all injury reports

25  and records, all documentation concerning work-related injury and/or worker's compensation

26  claims and/or disability claims, statements, photographs, all records concerning any missed work

27  or disability, and all records related to any such injury including records concerning any

28  preexisting injuries or conditions.

DEFENDANTS' RESPONSE TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE

1   **RESPONSE TO REQUEST NO. 15:**

2       Responding Parties object to the definition of the term "INCIDENT" on the ground that it

3   is vague and overbroad, being without limitation as to time or sufficiently specific in subject

4   matter and therefore not stated with reasonable particularity as required under Rule 34

5   Responding Parties will reasonably construe "INCIDENT" as used in this Request to mean the

6   OIS.

7       Responding Parties object to this Request to the extent that it seeks information protected

8   by the applicable privacy rights of Defendants and other law enforcement officers.

9       Responding Parties object to this Request on the ground that the discovery sought is Not

10   Proportional and therefore not discoverable pursuant to Rule 26 of the Federal Rules of Civil

11   Procedure.

12       Responding Parties object to this Request to the extent that it seeks information protected

13   by the federal official information privilege.  (*See* Capt. Coleman Decl.)

14       Responding Parties object to this Request on the ground that the burden and expense of

15   producing the information sought is Not Proportional to its likely benefit, and therefore is not

16   discoverable pursuant to Rule 26 of the Federal Rules of Civil Procedure.

17       Responding Parties object to this Request to the extent that it seeks to elicit information

18   that is not relevant to the subject matter of this case.

19       Responding Parties will not produce documents in response to this Request.

20   **REQUEST NO. 16:**

21       Any and all DOCUMENTS concerning this INCIDENT and any/all communication,

22   contact, and/or cooperation between the Oakland Police Department and any of the following: the

23   Alameda County District Attorney's Office, the Alameda County Sheriff's Department, the State

24   of California, the California Department of Justice, the United States Department of Justice, the

25   Federal Bureau of Investigation, and/or any other law enforcement agency.

26   **RESPONSE TO REQUEST NO. 16:**

27       Responding Parties object to the definition of the term "INCIDENT" on the ground that it

28   is vague and overbroad, being without limitation as to time or sufficiently specific in subject

DEFENDANTS' RESPONSE TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE

1  matter and therefore not stated with reasonable particularity as required under Rule 34

2  Responding Parties will reasonably construe "INCIDENT" as used in this Request to mean the

3  OIS.

4  Responding Parties object to this Request to the extent it seeks documents also sought

5  through other Requests (*see, e.g.*, Request No. 1 ("Any and all DOCUMENTS regarding the

6  INCIDENT described in the Complaint"), and therefore incorporate as if fully set forth herein the

7  specific and general objections Responding Parties have asserted in response to those duplicative

8  Requests. *E.g.*, Responses to Requests No. 1, 1(a)-(p).

9  Responding Parties object to this Request to the extent it seeks information that is not in

10  Responding Parties' possession, custody, or control, and/or which are a matter of public record

11  and/or equally available and accessible to Propounding Party.

12  Responding Parties object to this Request on the ground that the discovery sought is Not

13  Proportional and therefore not discoverable pursuant to Rule 26 of the Federal Rules of Civil

14  Procedure.

15  Responding Parties object to this Request to the extent that it seeks to elicit information

16  that is not relevant to the subject matter of this case.

17  Responding Parties object to this Request to the extent that it seeks information protected

18  by the work product doctrine and the attorney-client privilege.

19  Responding Parties object to this Request to the extent that it seeks information protected

20  by the federal official information privilege. (*See* Capt. Coleman Decl.)

21  Responding Parties object to this Request on the ground that it calls for the production of

22  documents protected by the federal law enforcement investigatory privilege.

23  Responding Parties object to this Request to the extent that it seeks information protected

24  by the applicable privacy rights of witnesses, law enforcement officers, or any other person.

25  Subject to and without waiving their general objections and the foregoing specific

26  objections, Responding Parties state that they will produce, subject to an executed protective

27  order, all non-privileged communications with other law enforcement agencies concerning the

28  OIS; as well as a log identifying those documents, or information contained therein, that

DEFENDANTS' RESPONSE TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE

1  Responding Parties have withheld from production on the basis of applicable privileges, including

2  but not limited to the official information, deliberative process, and/or investigatory privileges,

3  and/or the restrictions of California Code of Civil Procedure Section 129.

4  **REQUEST NO. 17:**

5      Any and all DOCUMENTS obtained from any other source (i.e., not generated by

6  Defendants), including any other law enforcement agency, regarding the INCIDENT,

7  PLAINTIFFS or DECEDENT.

8  **RESPONSE TO REQUEST NO. 17:**

9      Responding Parties object to the definition of the term "INCIDENT" on the ground that it

10  is vague and overbroad, being without limitation as to time or sufficiently specific in subject

11  matter and therefore not stated with reasonable particularity as required under Rule 34

12  Responding Parties will reasonably construe "INCIDENT" as used in this Request to mean the

13  OIS.

14      Responding Parties object to this Request to the extent it seeks information that is not in

15  Responding Parties' possession, custody, or control, and/or which are a matter of public record

16  and/or equally available and accessible to Propounding Party.

17      Responding Parties object to this Request on the ground that the discovery sought is Not

18  Proportional and therefore not discoverable pursuant to Rule 26 of the Federal Rules of Civil

19  Procedure.

20      Responding Parties object to this Request to the extent that it seeks to elicit information

21  that is not relevant to the subject matter of this case.

22      Responding Parties object to this Request to the extent that it seeks information protected

23  by the work product doctrine and the attorney-client privilege.

24      Responding Parties object to this Request to the extent that it seeks information protected

25  by the federal official information privilege.  (*See* Capt. Coleman Decl.)

26      Responding Parties object to this Request on the ground that it calls for the production of

27  documents protected by the federal law enforcement investigatory privilege.

28      Responding Parties object to this Request to the extent that it seeks information protected

1   by the applicable privacy rights of witnesses, law enforcement officers, or any other person.

2          Subject to and without waiving their general objections and the foregoing specific

3   objections, Responding Parties state that they will produce, subject to an executed protective

4   order, all non-privileged documents obtained from other law enforcement agencies concerning the

5   OIS, as well as a log identifying those documents, or information contained therein, that

6   Responding Parties have withheld from production on the basis of applicable privileges, including

7   but not limited to the official information, deliberative process, and/or investigatory privileges,

8   and/or the restrictions of California Code of Civil Procedure Section 129.

9   **REQUEST NO. 18:**

10         Any and all DOCUMENTS concerning radio and/or dispatch codes used by the Oakland

11  Police Department at the time of the INCIDENT, including any key or listing of code definitions.

12  **RESPONSE TO REQUEST NO. 18:**

13         Responding Parties object to the definition of the term "INCIDENT" on the ground that it

14  is vague and overbroad, being without limitation as to time or sufficiently specific in subject

15  matter and therefore not stated with reasonable particularity as required under Rule 34

16  Responding Parties will reasonably construe "INCIDENT" as used in this Request to mean the

17  OIS.

18         Responding Parties object to this Request on the ground that the discovery sought is Not

19  Proportional and therefore not discoverable pursuant to Rule 26 of the Federal Rules of Civil

20  Procedure.

21         Responding Parties object to this Request to the extent that it seeks information protected

22  by the federal official information privilege.  (*See* Capt. Coleman Decl.)

23         Subject to and without waiving their general objections and the foregoing specific

24  objection, Responding Parties state that they will produce one document that contains the radio

25  and/or dispatch codes used by the Oakland Police Department at the time of the Incident.

26  **REQUEST NO. 19:**

27         Any and all DOCUMENTS that currently are physically in Defendants' possession,

28  concerning any alleged crimes or bad acts at any time by DECEDENT, PLAINTIFF, and/or any

DEFENDANTS' RESPONSE TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE

witness disclosed by any party to this action. **Please note: This is <u>NOT</u> a request for any <u>NEW</u> wants or warrants checks, <u>NOR</u> for any <u>NEW</u> law enforcement database inquiries, and Plaintiff asserts all rights, including privacy rights, precluding such new inquiries and object to any such new inquiries.**

**<u>RESPONSE TO REQUEST NO. 19</u>:**

Responding Parties object to this Request to the extent that it lacks any limitation as to time or sufficient specificity in subject matter, and therefore potentially seeks information not relevant to any claim or defense in this case, and is vague, potentially overbroad, and not stated with reasonable particularity as required under Rule 34.

Responding Parties object to this Request on the ground that the discovery sought is Not Proportional and therefore not discoverable pursuant to Rule 26 of the Federal Rules of Civil Procedure.

Responding Parties object to the phrase "bad acts" as being impossibly vague and ambiguous.

Responding Parties object to this Request to the extent that it seeks information protected by the work product doctrine and the attorney-client privilege.

Responding Parties object to this Request to the extent that it seeks information protected by the federal official information privilege. (*See* Capt. Coleman Decl.)

Responding Parties object to this Request on the ground that it calls for the production of documents protected by the federal law enforcement investigatory privilege.

Subject to and without waiving their general objections and the foregoing specific objections, Responding Parties respond as follows:  Responding Parties will produce a copy of any incident report related to any alleged violation of law (excluding civil citations, such as parking tickets) by Decedent that has been located to date, after a diligent search, as well as any information gathered regarding Decedent's or Plaintiff's alleged violations of the law that was part of any investigation related to the OIS.  Responding Parties shall not produce, at this time, each and every document that may relate to those violations of the law because locating and producing all of those documents is burdensome, not relevant, and Not Proportional.  Upon review of the

DEFENDANTS' RESPONSE TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE

1   incident reports for those alleged violations of the law, if Plaintiff would like additional documents

2   related to those incidents, the Responding Parties welcome meeting and conferring with Plaintiff

3   concerning the appropriate scope of any additional production.

4   **REQUEST NO. 20:**

5        Any and all DOCUMENTS that Defendants contend support their defenses and/or

6   contentions in this case.

7   **RESPONSE TO REQUEST NO. 20:**

8        Responding Parties object to this Request to the extent that it is vague, without limitation

9   as to time or sufficiently specific in subject matter, and therefore potentially seeks information not

10  relevant to any claim or defense in this case, and is potentially overbroad and not stated with

11  reasonable particularity as required under Rule 34.

12       Responding Parties object to this Request to the extent that it seeks information protected

13  by the work product doctrine and the attorney-client privilege.

14       Responding Parties object to this Request to the extent that it seeks information protected

15  by the federal official information privilege. (*See* Capt. Coleman Decl.)

16       Responding Parties object to this Request to the extent that it states a contention

17  interrogatory that does not meet the requirements of a request for the production of documents

18  under Rule 34, and seeks to discover the mental impressions and/or trial strategy of Responding

19  Parties' experts and/or attorneys.  Responding Parties further object that such contention

20  interrogatories, if proper at all, should be answered after the completion of discovery, rather than

21  during these early stages of the proceedings.  Fed. R. Civ. P. 33(c).

22       Responding Parties will not produce documents in response to this Request.  That being

23  said, Responding Parties reserve the right to use any and all documents produced by the

24  Responding Parties or Plaintiffs in this action, to support their defenses and/or contentions.

25  **REQUEST NO. 21:**

26       Any and all DOCUMENTS that Defendants may use as evidence, demonstrative aids, or in

27  any other way at trial in this case.

28

**RESPONSE TO REQUEST NO. 21**:

Responding Parties object to this Request to the extent that it is vague, without limitation as to time or sufficiently specific in subject matter, and therefore potentially seeks information not relevant to any claim or defense in this case, and is potentially overbroad and not stated with reasonable particularity as required under Rule 34.

Responding Parties also object to this Request to the extent that it is premature in that trial is more than one year away and no discovery has yet occurred.  Furthermore, this Request is in violation of the Court's pre-trial orders and the Federal Rules of Civil Procedure, which specify the deadlines for submitting evidence and demonstrative aids that maybe used in trial.  As such this request forces Responding parties to unreasonably speculate about trial.

Responding Parties object to this Request to the extent that it seeks information protected by the work product doctrine and the attorney-client privilege.

Responding Parties object to this Request to the extent that it seeks information protected by the federal official information privilege.  (*See* Capt. Coleman Decl.)

Responding Parties object to this Request to the extent that it states a contention interrogatory that does not meet the requirements of a request for the production of documents under Rule 34, and seeks to discover the mental impressions and/or trial strategy of Responding Parties' experts and/or attorneys.  Responding Parties further object that such contention interrogatories, if proper at all, should be answered after the completion of discovery, rather than during these early stages of the proceedings.  Fed. R. Civ. P. 33(c).

Responding Parties will not produce documents in response to this Request.  That being said, Responding Parties reserve the right to use as evidence, demonstrative aids, or in any other way at trial in this case any and all documents produced by the Responding Parties or Plaintiffs in this action.

**REQUEST NO. 22**:

Any and all DOCUMENTS which Defendants have provided to any witness who may give expert testimony in this matter.

DEFENDANTS' RESPONSE TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE

1   **RESPONSE TO REQUEST NO. 22:**

2     Responding Parties object to this Request to the extent that it is vague, without limitation

3   as to time or sufficiently specific in subject matter, and therefore potentially seeks information not

4   relevant to any claim or defense in this case, and is potentially overbroad and not stated with

5   reasonable particularity as required under Rule 34.

6     Responding Parties object to this Request on the ground that the discovery sought is Not

7   Proportional and therefore not discoverable pursuant to Rule 26 of the Federal Rules of Civil

8   Procedure.

9     Responding Parties object to this Request to the extent that it seeks information protected

10  by the work product doctrine and the attorney-client privilege.

11    Responding Parties object to this Request to the extent that it seeks information protected

12  by the federal official information privilege.  (*See* Capt. Coleman Decl.)

13    Responding Parties object to this Request to the extent that it states a contention

14  interrogatory that does not meet the requirements of a request for the production of documents

15  under Rule 34, and seeks to discover the mental impressions and/or trial strategy of Responding

16  Parties' experts and/or attorneys.

17    Responding Parties object to this Request to the extent that it seeks premature disclosure of

18  expert opinion / consulting evidence and protected work product as Responding Parties have not

19  determined at this time which individuals may serve as consulting or testifying expert witnesses.

20    Responding Parties state that they will not produce documents in response to this Request.

21  **REQUEST NO. 23:**

22    Any and all DOCUMENTS concerning insurance and/or pooled risk management

23  coverage, including but not limited to complete insurance and excess insurance policies,

24  declaration sheets, and/or pooled risk agreements that may cover any defendant for any claim(s)

25  alleged in this matter.

26  **RESPONSE TO REQUEST NO. 23:**

27    Responding Parties object to this Request on the ground that the discovery sought is Not

28  Proportional and therefore not discoverable pursuant to Rule 26 of the Federal Rules of Civil

1   Procedure.

2       Responding Parties further object that this Request is burdensome, oppressive and seeks

3   irrelevant documents.

4       Responding Parties object to this Request to the extent that it seeks information protected

5   by the work product doctrine and the attorney-client privilege.

6       Responding Parties object to this Request to the extent that it seeks information protected

7   by the federal official information privilege.  (*See* Capt. Coleman Decl.)

8       Subject to and without waiving their general objections and the foregoing specific

9   objections, the Responding Parties responds as follows:  The City is self-insured up to $3 million

10  pursuant to Government Code section 989 *et seq*.  Because there is no realistic chance that this

11  case could ever approach the City's excess coverage, no documents will be produced in response

12  to this Request at this time.

13  **REQUEST NO. 24:**

14      Any and all DOCUMENTS concerning reservations of rights or possible denial of

15  insurance or risk coverage for PLAINTIFFS' claims in this matter.

16  **RESPONSE TO REQUEST NO. 24:**

17      Responding Parties object to this Request as being vague and ambiguous as to the phrase

18  "possible denial."

19      Responding Parties object to this Request on the ground that the discovery sought is Not

20  Proportional and therefore not discoverable pursuant to Rule 26 of the Federal Rules of Civil

21  Procedure.

22      Responding Parties further object that this Request is burdensome, oppressive and seeks

23  irrelevant documents.

24      Responding Parties object to this Request to the extent that it seeks information protected

25  by the federal official information privilege.  (*See* Capt. Coleman Decl.)

26      Subject to and without waiving their general objections and the foregoing specific

27  objections, the Responding Parties responds as follows:  The City is self-insured up to $3 million

28  pursuant to Government Code section 989 *et seq*.  Because there is no realistic chance that this

1  case could ever approach the City's excess coverage, no documents will be produced in response

2  to this Request at this time.

3  **REQUEST NO. 25:**

4      Any and all text messages, emails, and/or social media posts sent from, or received by, any

5  INVOLVED OFFICER that mention, refer, or relate to the INCIDENT, DECEDENT, or

6  PLAINTIFFS, at any time.

7  **RESPONSE TO REQUEST NO. 25:**

8      Responding Parties object to the definition of the term "INCIDENT" on the ground that it

9  is vague and overbroad, being without limitation as to time or sufficiently specific in subject

10  matter and therefore not stated with reasonable particularity as required under Rule 34

11  Responding Parties will reasonably construe "INCIDENT" as used in this Request to mean the

12  OIS.

13      Responding Parties object to the definition of "INVOLVED OFFICERS" on the ground

14  that it is vague and overbroad.  Responding Parties will reasonably construe "INVOLVED

15  OFFICERS" as used in this Request to mean the law enforcement officer Defendants:  Sergeant

16  Turner, Officer Cairo, Officer Barnard, and Officer Hughes ("Involved Officers").  Responding

17  Parties remain willing to meet and confer in good faith regarding whether the needs of this case

18  and the Federal Rules of Civil Procedure warrant the collection and production of documents

19  concerning other law enforcement officers.

20      Responding Parties object to this Request to the extent that it seeks information protected

21  by the federal official information privilege.  (*See* Capt. Coleman Decl.)

22      Responding Parties object to this Request on the ground that the discovery sought is Not

23  Proportional and therefore not discoverable pursuant to Rule 26 of the Federal Rules of Civil

24  Procedure.

25      Responding Parties object to this Request to the extent that it calls for, or can be construed

26  to include, emails, text messages, social media, and/or other electronically stored information

27  (collectively, "ESI").  The burden and expense of producing ESI in this case is Not Proportional,

28  and therefore ESI not discoverable pursuant to Rule 26 of the Federal Rules of Civil Procedure.

1   No ESI, as defined herein, will be produced.

2          Responding Parties object to this Request to the extent that it seeks to elicit information

3   that is not relevant to the subject matter of this case.

4          Responding Parties object to this Request to the extent that it seeks information protected

5   by the work product doctrine and the attorney-client privilege.

6          Responding Parties object to this Request to the extent that it seeks information protected

7   by the applicable privacy rights of witnesses, law enforcement officers, or any other person.

8          Responding Parties state that they will not produce documents in response to this Request,

9   but remain willing to meet and confer in good faith regarding whether the Request can be revised

10  to seek discoverable information consistent with the Federal Rules of Civil Procedure.

11

12  DATED:  March 30, 2017                    MEYERS, NAVE, RIBACK, SILVER & WILSON

13

14                                           By: _____

15                                               Blake P. Loebs
                                                 Attorneys for Defendants CITY OF OAKLAND;
16                                               ALLAHNO HUGHES; JONATHAN CAIRO;
                                                 JOSHUA BARNARD; SEAN WHENT
17  27700456

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' RESPONSE TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE

1    <u>PROOF OF SERVICE</u>

2    STATE OF CALIFORNIA, COUNTY OF ALAMEDA

3        At the time of service, I was over 18 years of age and **not a party to this action**.  I am employed in the County of Alameda, State of California.  My business address is 555 12th Street,
4    Suite 1500, Oakland, CA 94607.

5        On March 30, 2017, I served true copies of the following document(s) described as **DEFENDANTS' RESPONSE TO PLAINTIFF'S REQUEST FOR PRODUCTION OF**
6    **DOCUMENTS, SET ONE** on the interested parties in this action as follows:

7                        **SEE ATTACHED SERVICE LIST**

8        **BY MAIL:**  I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and
9    mailing, following our ordinary business practices.  I am readily familiar with Meyers, Nave, Riback, Silver & Wilson's practice for collecting and processing correspondence for mailing.  On
10   the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with
11   postage fully prepaid.

12       I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this
13   Court at whose direction the service was made.

14       Executed on March 30, 2017, at Oakland, California.

15

16                                      _____
                                          Kathleen K. Hill
17

18

19

20

21

22

23

24

25

26

27

28

**SERVICE LIST**
*T.D.P. v. City of Oakland, et al.*
**16-CV-04132-LB**

| | |
|---|---|
| Julia Sherwin<br>Thomas Kennedy Helm, IV<br>Maya Sorensen<br>Michael J. Haddad<br>Haddad & Sherwin LLP<br>505 17th Street<br>Oakland, CA 94612 | Attorneys for Plaintiff T.D.P.<br><br>tel  (510) 452.5500<br>fax (510) 452.5510<br><br>michael.julia@haddadsherwin.com<br>kennedy@haddadsherwin.com<br>maya@haddadsherwin.com |
| Noel Edlin<br>Andre Robert Hill<br>Bassi, Edlin, Huie & Blum LLP<br>500 Washington Street, Suite 700<br>San Francisco, CA 94111 | Attorneys for Defendant JOSEPH TURNER<br><br>tel  (415) 397.9006<br>fax (415) 397.1339<br><br>nedlin@behblaw.com<br>ahill@behblaw.com |

2798907.1