Blake P. Loebs (SBN: 145790)
bloebs@meyersnave.com
David Mehretu (SBN: 269398)
dmehretu@meyersnave.com
MEYERS, NAVE, RIBACK, SILVER & WILSON
555 12th Street, Suite 1500
Oakland, California 94607
Telephone: (510) 808-2000
Facsimile: (510) 444-1108

Attorneys for Defendants CITY OF OAKLAND;
ALLAHNO HUGHES; JONATHAN CAIRO;
JOSHUA BARNARD; SEAN WHENT

Noel Edlin (SBN: 107796)
nedlin@behblaw.com
Andre R. Hill (SBN: 143007)
ahill@behblaw.com
Bassi, Edlin, Huie & Blum LLP
500 Washington Street, Suite 700
San Francisco, CA 94111
Telephone:  (415) 397-9006
Facsimile:  (415) 397-1339

Attorneys for Defendant
SERGEANT JOSEPH TURNER

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION**

| | |
|---|---|
| T.D.P., a minor through her mother and Next Friend, Andrea Dupree, individually and as successor in interest for Richard Hester Perkins, Jr. Deceased,<br><br>             Plaintiff,<br>v.<br><br>CITY OF OAKLAND, a public entity, CITY OF OAKLAND POLICE CHIEF SEAN WHENT in his individual and official capacities, SERGEANT JOSEPH TURNER, OFFICERS JONATHAN CAIRO, JOSHUA BARNARD, ALLAHNO HUGHES, and DOES 1-10, Jointly and Severally,<br><br>             Defendants. | Case No. 3:16-CV-04132-LB<br>[Related to Case No. 3:16-CV-04324-LB]<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF'S ADMINISTRATIVE MOTION TO MODIFY THE COURT'S PRE-TRIAL ORDER**<br><br><br><br><br><br>Trial Date:      April 2, 2018 |

| | | |
|---|---|---|
| 1 | RICHARD PERKINS, III, son of RICHARD PERKINS, JR., deceased, and ADA PERKINS-HENDERSON, | Case No. 3:16-CV-04324-LB [Related to Case No. 3:16-CV-04132-LB] |
| 2 | | |
| 3 | Plaintiffs, | |
| 4 | v. | |
| 5 | CITY OF OAKLAND, a public entity, SERGEANT JOSEPH TURNER, OFFICERS JONATHAN CAIRO, JOSHUA BARNARD, ALLAHNO HUGHES, and DOES 1-10, Jointly and Severally, | |
| 6 | | |
| 7 | | |
| 8 | Defendants, | |

**I.      INTRODUCTION**

Defendants do not object to modifying the pre-trial dates, or even the trial date, for that matter, to accommodate Plaintiffs' attorney's trial and vacation schedules.  Defendants do object, however, to three of the suggested modifications, which seem designed instead to achieve goals Plaintiffs failed to achieve at the initial CMC, to the detriment of Defendants.

First, for no apparent reason, and over Defendants' repeated objections, Plaintiffs are surreptitiously asking to move the expert disclosures deadline to occur *after* the deadline for Defendants' summary judgment motion.  This is prejudicial to Defendants because it would allow Plaintiffs to submit declarations from undisclosed experts in opposition to summary judgment, preventing Defendants from having the benefit of the experts reports and/or depositions before filing their motion.  Defendants request, instead, that the Court maintain the current sequence of pre-trial events and, to accomplish this, order expert disclosures to be made by November 1, 2017, which would allow a sufficient window of time between the deadline for expert disclosures and the filing of Defendants' summary judgment motion.[1]

Second, Plaintiffs request – again for no stated reason – that non-expert discovery should close ***one weeks after*** the deadline for filing summary judgment.  This would also prejudice Defendants because it would prevent Defendants from having all of the relevant facts that would be relevant to summary judgment developed prior to summary judgment being filed.  Defendants request that the Court maintain the current sequence of pre-trial events and order non-expert discovery to close on November 1, 2017 – 15 days before the deadline for summary judgment motions.

Third, Plaintiffs have suggested reducing the time between the hearing on summary judgment and trial by 30 days, which might result in the parties having to prepare for trial while

---

[1] Currently expert disclosures are due one week before Defendants' summary judgment is due. Defendants are asking for disclosures to be due two weeks before summary judgment is due to allow Defendants to not only see any relevant reports, but to also have the opportunity to depose any experts whose opinions might bear on summary judgment issues in advance of filing their motion.

1  the summary judgment motion is pending.  To avoid this potentially wasteful outcome,

2  Defendants request that the Court move the trial date to May 7, 2018, which would continue to

3  allow the same window of time – 137 days – between the hearing on summary judgment and trial.

4        Finally, Defendants object to Plaintiffs' suggestion that their requested alterations to the

5  pre-trial schedule are necessary due to a failure by Defendants to cooperate in discovery.

6  Although the parties have recently asked the Court to resolve a few, limited discovery disputes,

7  those disputes would have been resolved long ago had Plaintiffs not needlessly waited *months*

8  before raising them.

## II. STATEMENT OF FACTS:

### A. Plaintiffs' Request Is an Underhanded Attempt to Move the Deadline for Disclosing Experts and Non-Expert Discovery to After Summary Judgment Is Due.

12        At the initial CMC, when the Court considered conflicting pre-trial schedules for this case,

13  Defendants objected to Plaintiffs' request to have expert disclosures occur *after* the deadline for

14  Defendants' summary judgment motion.  (Loebs Decl., ¶ 2.)  Defendants believed, and still

15  believe, that it is essential to have expert disclosures *before* Defendants file summary judgment so

16  that any expert opinions are available for determining whether summary judgment is appropriate,

17  as well for serving as the basis for any such motion.  (Loebs Decl., ¶ 2.)  Plaintiffs argued that

18  expert disclosure should be delayed until after summary judgment is filed because if summary

19  judgment is granted, both parties can save the expense of experts.  (Loebs Decl., ¶ 2.)  This

20  position made no sense.  Plaintiffs proposed disclosing experts and conducting expert discovery

21  *immediately after* the deadline for Defendants' summary judgment motion.  This, of course, could

22  not result in any savings to anyone because the expert disclosures and discovery would be

23  completed well before the Court would rule on Defendants' motion.

24        Defendants suspected, and continue to suspect, that the real reason Plaintiffs sought to

25  delay expert disclosure until after the deadline for filing summary judgment is to enable them to

26  preview Defendants' summary judgment motion in order to surprise defendants with expert

27  declarations tailored to undermine Defendants' arguments, to which Defendants would only have

28  a limited ability to respond.  (Loebs Decl., ¶ 3.)  After entertaining the parties' opposing points of

1  view, the Court ordered that expert disclosure would be due one week before the last day to file
2  Defendants' motion for summary judgment. (Dkt. No. 43). Plaintiffs now seek to undue the
3  Court's determination under the guise of continuing dates to accommodate trial and vacation
4  schedules and delay in discovery.
5       The idea of continuing some of the pre-trial dates was first raised at the meet-and-confer
6  session of June 20, 2017 as the parties were attempting to schedule various depositions. (Loebs
7  Decl., ¶ 5.) It quickly became obvious that because of various trial schedules and vacations, the
8  parties could not complete the necessary discovery before the scheduled settlement conference on
9  August 25, 2017. (Loebs Decl., ¶ 6.) Defendants, therefore agreed in principle to continue the
10 settlement conference and the close of non-expert discovery to accommodate the parties'
11 (primarily Plaintiffs') vacation and trial schedule. (Loebs Decl., ¶ 6.)
12      On June 23, 2017, Plaintiffs sent Defendants a proposed stipulation. Plaintiffs, however,
13 stated in the stipulation that the stipulation was necessary "due to substantial discovery disputes."
14 As this would be a joint stipulation and Defendants did not agree with that phrasing, they asked
15 Plaintiffs to remove that reference. (Loebs Decl., ¶ 7.) Because Plaintiffs neglected to include the
16 date that summary judgment would be due under their proposed schedule, it was not immediately
17 apparent to Defendants that Plaintiffs were not only proposing a continuance of the settlement
18 conference date and date for close of discovery, but also undoing the *sequence* of discovery events
19 that the Court initially ordered, to switch the order of the deadline for summary judgment and the
20 close of expert disclosures. (Loebs Decl., ¶ 7.) When Defendants detected Plaintiffs' attempt to
21 change the order of expert disclosure and summary judgment, Defendants immediately objected,
22 stating that:

> [a]t first glance, the dates you propose appear to disrupt the current timing between expert disclosure and when we would have to file summary judgment and the time between a summary judgment hearing and trial. We did not agree to disrupt those timing relationships. We can move the dates, but I do not want to – and did not agree to – change the timing between expert disclosure, filing summary judgment or the hearing on summary judgment and trial.

27 (Loebs Decl., ¶ 8.)
28

Plaintiffs' counsel responded with a revised schedule, stating "I have revised the stipulation to keep largely the same distance between dates as is currently set. Please review and let me know if you approve." (Loebs Decl., ¶ 9.) Upon reviewing the new proposed dates, Defendants noticed that Plaintiffs tried to, again, switch the sequence of the deadline for summary judgment and the close of expert discovery. (Loebs Decl., ¶ 10.) Again, without any explanation or stated reason, Plaintiffs proposed having expert disclosures due the *same day* as the deadline for filing of summary judgment – even though Defendants had specifically objected to any change in the timing between expert disclosure and summary judgment. Defendants again objected on the same grounds. (Loebs Decl., ¶ 10.) Rather than honor Defendants' request to leave the current sequence and timing interval in place, Plaintiffs instead filed this Administrative Request to alter the pre-trial dates, which proposes an entirely new set of dates not previously discussed with Defendants, in violation of the Court's meet-and-confer requirements. (Loebs Decl., ¶ 11.)

Defendants object to three of the new dates requested by Plaintiffs because they unnecessarily differ from the current pre-trial order of events, and would prejudice Defendants.[2]

(1) Although not specifically stated, Plaintiffs are requesting that the deadline for filing summary judgment be moved from October 12, 2017 to November 16, 2017, to which Defendants do not object.[3] (Dkt. 57.) But, for no stated reason, Plaintiffs also request that the deadline for disclosing experts move from October 5, 2017 to December 1, 2017 – which is two weeks after Defendants' motion for summary judgment is due. (Dkt. 57.) The current schedule ordered by the Court requires experts be disclosed one week before the deadline for filing summary judgment.

---

[2] In addition to the three main changes mentioned in the introduction, Defendants are also requesting that other dates related to those dates move as well, such as the summary judgment conference, the deadline for rebuttal experts and the pre-trial conference, as indicated in the table below.

[3] Plaintiffs include the proposed new deadline for hearing Defendants' summary judgment motion as December 21, 2017, in their Administrative Motion, but neglected to include the proposed deadline for filing summary judgment, which is November 16, 2017 (35 days in advance), even though they knew that Defendants' primary objection to the proposed dates is the relationship between the deadline for filing summary judgment and the other dates. (Dkt. No. 57; Loebs Decl., ¶ 11.)

Defendants request that the Court maintain the current sequence of pre-trial events and that expert disclosures should be due November 1, 2017, to allow a sufficient window of time between the expert disclosures and the filing deadline of Defendants' summary judgment motion.

(2) Plaintiffs request that the deadline for completing non-expert discovery be moved from September 22, 2017 to November 22, 2017, which, inexplicably, would result in non-expert discovery being completed one week after Defendants' summary judgment motion is due, as opposed to the current schedule under which non-expert discovery closes three weeks before Defendants' motion is due. (Dkt. 57.) Defendants request that the Court maintain the current spacing between the close of discovery and filing summary judgment, which would set the close of non-expert discovery on November 1, 2017 – 15 days before summary judgment is due.

(3) Plaintiffs request that the date for hearing Defendants' motion for summary judgment be moved from November 16, 2017 to December 21, 2017. (Dkt. 57.) This request would only allow 112 days between the summary judgment hearing and trial, whereas the previous schedule ordered by the Court provided 137 days between the summary judgment hearing and trial. Defendants do not object to moving the hearing for their summary judgment motion, but request that the Court consider moving the trial date later one month, to May 7, 2018, to preserve the current 137 day window of time between the summary judgment hearing and trial. This will preserve party and Court resources by avoiding the parties needlessly prepare for trial while a decision on summary judgment is pending.

Below is a chart that compares the Courts' original dates, Plaintiffs' most recent proposal (provided to Defendants for the first time with this motion) and Defendants' proposed dates:

| Case Event | Current Date | Plaintiffs' Proposed Date (per Motion) | Defendants' Proposed Dates[4] |
|---|---|---|---|
| Non-Expert Discovery | September 22, 2017 | November 22, 2017 | **November 1, 2017** |
| Conference on scope of summary judgment | September 29, 2017 | November 2, 2017 | **October 26, 2017** |

---

[4] Changes from Plaintiff's proposed dates are in bold.

| Case Event | Current Date | Plaintiffs' Proposed Date (per Motion) | Defendants' Proposed Dates[4] |
|---|---|---|---|
| Summary Judgment Motion Due | October 12, 2017 | November 16, 2017 | November 16, 2017 |
| Expert Disclosures | October 5, 2017 | December 1, 2017 | **November 1, 2017** |
| Last Hearing Date for dispositive motions | November 16, 2017 | December 21, 2017 | December 21, 2017 |
| Rebuttal Expert Disclosures | December 15, 2017 | December 15, 2017 | **December 1, 2017** |
| Close of expert discovery | January 15, 2018 | February 12, 2018 | **February 1, 2018** |
| Pretrial conference | March 22, 2018 | March 22, 2018 | April 17, 2018 |
| Trial | April 2, 2018 | April 2, 2018 | **May 7, 2018** |
| Settlement Conference | August 25, 2017 | Week of November 27, 2017 | Week of November 27, 2017 |

**B.    Plaintiffs, Not Defendants, Have Been Primarily Responsible for Most of the Delay in the Production of Documents and the Delay in Bringing the Few Remaining Discovery Disputes to the Court's Attention.**

Plaintiffs issued a massive request for production of documents on January 31, 2017.[5] (Loebs Decl., ¶ 12.)  Despite Defendants' hard drive crashing, and the size of the request, Defendants served a 53-page response to Plaintiffs' request and produced the responsive, non-confidential documents on March 30, 2017, only one month after they were originally due (with Plaintiffs' consent).  (Loebs Decl., ¶ 13.)  On April 11 – only a few working days after the protective order was signed by the Court – Defendants produced nearly 50 gigabytes of information to Plaintiffs, including all the photos, body camera video from 52 officers, all surveillance videos and interviews of all officers and witnesses – over 2700 files in all.  Because of the volume of documents and the time necessary to copy the information to thumb drives, some of the material could not be produced on the first day.  Accordingly, Defendants produced an additional 7 gigabytes (over 2000 files) of data a few days later.  (Loebs Decl., ¶ 14.)

---

[5] Plaintiffs made 25 complex requests for documents, one of which filled three pages and include 16 subparts.  (Loebs Decl., ¶ 12.)

On May 24, 2017, ***nearly two months*** after Defendants responded to Plaintiffs' document request, Plaintiffs sent a meet-and-confer letter concerning 10 of Plaintiffs' requests.[6] (Loebs Decl., ¶ 15.) On May 26, 2017, Defendants responded to Plaintiffs' meet-and-confer letter, noting that Plaintiffs' letter did not address Defendants' specific objections and, in fact, the entire letter appeared to be lifted from another case because, in part, it included repeated references to "Deputies," although no deputies are involved in this case. (Loebs Decl.,¶ 17.) That same day Plaintiffs responded by stating that they sent a generic meet-and-confer letter "because it saves defendants a lot of money in our attorneys' fees when we do not have to reinvent the wheel on every discovery dispute." (Loebs Decl., ¶ 18.) The parties then agreed to meet and confer in person on June 9, 2017 to discuss the 10 requests in dispute, scheduling of depositions and no other issues. (Loebs Decl., ¶ 19.) Because of a conflict that arose in Plaintiffs' schedule, Plaintiffs rescheduled the in-person meet-and-confer session to June 20, 2017. (Loebs Decl., ¶ 19.)

At the meet and confer, however, Plaintiffs did not limit their discussion to the 10 requests at issue – despite their representations that the meet-and-confer session should only last half an hour because of "limited categories of information" to discuss. (Loebs Decl., ¶ 20.) Instead, contrary to this Court's standing orders, Plaintiffs – without ***any*** advance notice to Defendants – proceeded to attempt to meet and confer as to numerous other issues.[7] (Loebs Decl.,¶ 21.)

---

[6] In April and late May Plaintiff sent a few letters and e-mails regarding issues related to corrupted files and missing documents, all of which were resolved by Defendants and none of which related to documents that matter in this case. (Loebs Decl., ¶ 16.) For example, because of the nature of this incident, many officers responded after the shooting to assist with crowd control and the like. Almost all of those officers activated their body cameras, but through inadvertence, some of those videos had not been provided to Defendants' attorneys, so they were not in the original production. As soon as Plaintiffs' counsel alerted Defendants to the missing videos, they were produced. All told, Defendants have now produced over 200 separate police body camera recordings from 65 different officers. (Loebs Decl., ¶ 16.) Only one of the late-produced videos, however, related to an officer witness, and that video did not contain any information that was not previously available through the other videos that had been previously produced. (Loebs Decl., ¶ 16.) Plaintiffs' representation that the late produced videos are "necessary to Plaintiffs' case in chief," makes no sense. (Dkt. 57, pp.)

[7] To avoid the exact type of unproductive ambush meet-and-confer session, the Court requires that (footnote continued)

1  Despite the impropriety of Plaintiffs' ambush, Defendants met and conferred in good faith as to all
2  issues raised, resolving approximately 80% of the disputes.  (Loebs Decl., ¶ 21.)
3       Defendants sent Plaintiffs a letter confirming the areas in which they reached agreement on
4  June 26, 2017.  (Loebs Decl., ¶ 22, Exh. A.)  In that letter, Defendants agreed to produce by June
5  29, 2017 those documents that had been listed on the privilege log, but were now being produced.
6  (Loebs Decl., ¶ 22, Exh. A.)  As to the new issues Plaintiffs raised during the meet and confer,
7  Defendants agreed to produce corresponding documents by July 14, 2017 – documents which
8  could have been produced much earlier had Plaintiffs not waited *three months* to clarify and in
9  several instances, limit their requests.  (Loebs Decl., ¶ 22, Exh. A.)  In their Administrative
10 Motion, Plaintiffs contend that Defendants stated, in writing, that they would not be able to
11 produce the additional documents until August 13, 2017.  (Sorenson Decl. ¶18.)  That statement is
12 false, as demonstrated by the language of Defendants letter of June 26, 2017 stating those
13 documents would be produced by July 14, 2017.  (Loebs Decl., ¶ 22, Exh. A.)[8]
14      In summary, Defendants produced the vast majority of the relevant, requested documents
15 shortly after Plaintiffs' request.  As for the documents that have not yet been produced, that delay
16 is a direct result of Plaintiffs' two-month delay in even discussing their concerns as to 10 of their
17 requests, and a delay of over three months in mentioning their other concerns.
18 **III.    CONCLUSION**
19      Defendants do not object to modifications to the pre-trial schedule and/or trial date to
20 accommodate Plaintiffs' attorney's trial and vacation schedules, or because Plaintiffs may require
21 such modifications as a result of their dilatory behavior discussed above.  Defendants do object,
22 however, to three of the Plaintiffs' requested modifications, which are unsupported by any

---

before the parties engage in the face-to-face meet and confer, the party initiating the issues must first have broached the issues with the other side.  Specifically, the Court's Standing Orders provide that counsel initially confer by either mail, letter or telephone and then "after trying those means, lead trial counsel then must meet and confer in person to try to resolve the dispute."

[8] Defendants are not suggesting that Plaintiffs have deliberately attempted to mislead the Court. Defendants believe that Plaintiffs may have simply made a mistake as to the month, inadvertently substituting August for July.

legitimate concern, and in fact appear to be designed to prejudice Defendants and achieve results Plaintiffs failed to achieve at the initial CMC.  Plaintiffs' proposals are counterproductive and do not move this matter toward resolution.

Specifically:  (1) Defendant object to moving the expert disclosures deadline to December 1, which is two weeks *after* Defendants' summary judgment motion is due.  Instead, Defendants propose leaving the current order of events in place and moving the deadline to November 1, 2017; (2) Defendants object to moving the close of non-expert discovery to November 22, 2017, which would be one week *after* Defendants summary judgment is due.  Instead, Defendants suggest leaving the current spacing intact and moving the deadline to November 1, 2017; and (3) Defendants object to reducing the time between the hearing on summary judgment and trial by 30 days, which substantially increases the chances that the parties will be forced to prepare for trial before the Court can issue a decision on summary judgment.  Instead, Defendants propose that the trial date should be moved later by one month to May 7, 2018, which would maintain the current gap between the hearing on Defendants' motion and trial.

Defendants' proposal is a pragmatic approach, which allows for the continuance requested by Plaintiffs, but avoids the prejudice to Defendants as a result.

DATED:  July 3, 2017          Respectfully submitted,

MEYERS, NAVE, RIBACK, SILVER & WILSON

By:   /s/ Blake P. Loebs
Blake P. Loebs
Attorneys for Defendants CITY OF OAKLAND; ALLAHNO HUGHES; JONATHAN CAIRO; JOSHUA BARNARD; SEAN WHENT

DATED:  July 3, 2017          BASSI, EDLIN, HUIE & BLUM LLP

By:   /s/  Andre R. Hill
Andre R. Hill
Attorney for Defendant
SERGEANT JOSEPH TURNER

2830957.1